John L. MURPHEY, Administrator c.t.a.d.b.n. of Estate of Rosa Hesse, Deceased, Respondent,

v.

John M. DALTON, Attorney General of Missouri, Respondent,

William Kohn, Appellant.

No. 46650.

Supreme Court of Missouri,

Division No. 1.

July 14, 1958.

Michael J. Doherty, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Jefferson City, Frank P. Motherway, Asst. Atty. Gen., Albert E. Schoenbeck, Trustee of the Estate of Rosa Hesse, deceased, pro se, St. Louis, for respondents.

COIL, Commissioner.

This case involves the question of a lawyer's right to fees payable out of trust assets for services rendered the trustee of a public charitable trust.

In October 1946 Rosa Hesse's will was admitted to probate in St. Louis. After three $1 bequests, she left the remainder to a trust company and two individuals as trustees (also named executors) to retain and invest the principal until it and accumulated interest amounted to $100,000, at which time the income was to be used for voice training of persons over sixteen and for piano and violin training for younger persons, all of whom were to have the qualifications and were to be chosen as set

forth in the will. It was also provided that if the trust fund did not amount to $100,-000 in twenty-one years, the income nevertheless was to be used as theretofore specified; provided, however, that if for two successive years no one applied for the mentioned musical training, the remaining fund was to be used to establish a recreation center for the people of St. Louis.

The corporate trustee and one of the individuals refused to accept the appointment or to act as executor or trustee, and the remaining individual, the late Harry Pohlman, a lawyer, was the sole executor and trustee. In October 1947, testatrix' heirs brought an action contesting the will on the ground that Rosa was of unsound mind at the time of the will's execution. They named "Harry Pohlman, executor of the supposed will of Rosa Hesse, deceased," as the sole defendant. Shortly thereafter, Mr. Pohlman and present appellant, William Kohn, a St. Louis lawyer, entered into a written agreement whereby Mr. Pohlman, "as trustee of trust created by will of Rosa Hesse, deceased," retained Mr. Kohn to "look after the interest of the trust created by the will of Rosa Hesse, deceased, * * in the will contest filed on October 21, 1947, in the Circuit Court * * *; and to defend the case for and on behalf of the trust estate," and whereby the trustee agreed to pay Mr. Kohn for professional services to be rendered thirty per cent of the real and personal property distributable to the trust, contingent upon the successful conclusion of the will contest, and subject to the approval of the circuit court. Pursuant to that contract, Mr. Kohn succeeded in obtaining a final judgment of dismissal in the will contest.

In December 1950, Mr. Pohlman, as trustee, retained Mr. Kohn to represent the trust estate in opposing the assessment against it of any inheritance tax. Mr. Kohn succeeded in having the trustee's exceptions sustained to the report of the inheritance tax appraiser who had assessed tax against the trust estate in the sum of $1,899.02.

Mr. Pohlman died on June 28, 1955, and thereafter the administrator c. t. a. d. b. n. of the estate of Rosa Hesse, deceased, filed an action for the appointment of a successor trustee. In October 1956, Albert S. Schoenbeck was appointed successor trustee and has, ever since, acted as such. In December 1956, Attorney Kohn filed his instant petition in this action which, as noted, was begun as one for the appointment of a successor trustee, wherein, by count one, he sought relief in the nature of specific performance of this thirty per cent contingent fee contract, and, by count two, sought an allowance of $400 out of the trust estate as the reasonable value of his services rendered the trustee in the inheritance tax matter. After a hearing, wherein Mr. Kohn described in detail the services he had rendered, both in the will contest and in the inheritance tax matter, to which we shall make further reference hereinafter, and at which two qualified practicing lawyers testified that the thirty per cent contingent fee contract was, under all the circumstances, fair and reasonable, the court entered its judgment denying Mr. Kohn any relief and ordering that his petition be dismissed for the stated reasons: that the written and oral contract by which the trustee purported to employ Mr. Kohn was void ab initio because the Missouri Attorney General was the only party who could properly defend the public charitable trust created under the will of Rosa Hesse or employ counsel to so do; that the trustee was without authority to enter into either agreement; that inasmuch as the executor was the sole party defendant in the will contest and inasmuch as at the time of the agreement the trustee could not be made a party defendant, Mr. Kohn's services to the trustee were unnecessary; and that the thirty per cent contract, which at trial time would have been of a value of about $12,000, was unfair and not properly enforceable by a court of equity.

Appellant contends that the trustee had the right and duty to protect the trust estate and to employ counsel to see to the

successful disposition of the will contest, that the 30 per cent contingent contract was fair and reasonable under the circumstances, that the trustee likewise properly retained counsel to represent the trust estate in the inheritance tax matter, and that consequently the trial court erred in refusing appellant the relief sought in both counts of his petition.

Respondents assert the validity of the judgment essentially for the same reasons the trial court stated at the time of its rendition.

It is agreed that Rosa Hesse's will established a public charitable trust. Respondents assert that the Missouri Attorney General "is the proper and exclusive representative of the interests of the public in proceedings involving a public charitable trust in Missouri," and that it follows that the attorney general was the real party in interest in the will contest suit, and that therefore the trustee's agreement employing private counsel to represent the public interest and to pay counsel with public trust funds was void ab initio. We think respondents' conclusion does not follow from the stated premises and that their position is untenable for the reasons which will appear.

■■ It is true that the Missouri Attorney General represents the Missouri public in matters pertaining to and connected with public charitable trusts. He is often in a dual capacity, as a necessary or proper party to such a proceeding and, at the same time, the attorney for himself as the public representative. And, as held in Lackland v. Walker, 151 Mo. 210, 52 S.W. 414, 423, relied upon by respondents, which was a suit by the trustees of a charitable trust for a judgment relieving them from restraints on their power to alienate trust property, settlor's heirs were not necessary parties and "The public is the beneficiary of the trust, and the attorney general, as its representative, was the only real party in interest, or required to be made a defendant." 52 S.W. 423. Dickey v. Volker, 321 Mo.

235, 11 S.W.2d 278, 62 A.L.R. 858, also relied on by respondents, held, pertinent to the present inquiry, that the attorney general was a proper party to bring an action against the trustees of public charitable trust funds and that, in some cases in which a specific individual with a special interest might properly institute a suit for such purpose, the attorney general might often be a necessary party defendant. It should be noted that in both the last-mentioned cases, the trustees of the public charitable trusts were parties. In the Lackland case they brought the action for, in effect, a declaratory judgment, and made the attorney general a party defendant; and in the Dickey case the trustees were the defendants being sued for mismanagement of the public charitable trust funds.

Now it may be that the attorney general was a necessary party (and certainly, he was a proper party) in the Hesse will contest suit filed by testatrix' heirs. That fact, however, or the further fact that the attorney general is a proper party, and perhaps the only proper party, to bring an action against the trustees of a public charitable trust for mismanagement and is the proper party to bring an action to enforce a public charitable trust (Lackland v. Walker, supra; Dickey v. Volker, supra; Scott on Trusts, 2d Ed., Vol. IV, § 391, p. 2753; Annotations, 62 A.L.R. 881 and 124 A.L.R. 1237; 14 C.J.S. Charities § 62 b, p. 528) does not mean that the trustees of a public charitable trust are thereby rendered impotent to perform their duties and discharge their responsibilities as trustees.

■■ On the contrary, it is well established that the duties and liabilities of the trustees of public charitable trusts are like the duties and liabilities of the trustees of private trusts, and that the same principles applicable to private trusts govern in public charitable trusts. Bogert, Trusts and Trustees, Vol. 2A, § 391, p. 190, § 402, p. 254; Rest., Trusts, § 379, p. 1173; Scott on Trusts, 2d Ed., Vol. IV, § 379, p. 2735, § 386, p. 2746. And trustees of a public

charitable trust, like trustees of a private trust, may bring actions against third persons to recover or preserve or protect the trust assets and may bring suits for instructions, and it should follow that they may take any reasonable action (including the defense of a will contest suit) necessary to uphold the validity of the trust established by a will and thereby protect and preserve the trust assets. Scott on Trusts, 2d Ed., Vol. II, § 178, p. 1314, Vol. IV, § 393, p. 2766, § 394, p. 2767; Rest., Trusts, § 393, p. 1186, § 394, p. 1187; Rossi v. Davis, 345 Mo. 362, 133 S.W.2d 363, 376 [9, 10], 125 A.L.R. 1111. And it must follow that if the trustees of a public charitable trust are liable for breaches of trust to the same extent as are other trustees, they must of necessity have the right, as do trustees of private trusts, to retain counsel of their own choosing to render necessary legal services. Trautz v. Lemp, 334 Mo. 1085, 72 S.W.2d 104, 110 [9, 10]; Rest., Trusts, Missouri Annotations, § 188, p. 175, comment c.

■ The plain fact is, the attorney general is not and, in many instances, could not properly be the attorney for the trustee of a public charitable trust. *He is the attorney for the public, not the attorney for the trustee.* The trustee and the attorney general may hold opposite views as to many matters arising in the administration of a public charitable trust. It is obvious that the attorney general, representing the public, whose views, for example, as to the powers of the trustee to perform certain acts, are opposite to those of the duly appointed trustee who is liable for wrong action, should not represent the public and, at the same time, the adverse party, the trustee.

■ The short answer to the position of respondents is that the attorney general as the attorney for the public is not the attorney for the trustee of a public charitable trust who was appointed by the settlor, and that when and under what circumstances the attorney general is a necessary or proper party to a will contest or to any other suit involving a public charitable trust or when and under what circumstances he should or must bring such action, has nothing to do with the right of a trustee to be represented by counsel of his own choosing.

Respondents rely heavily on the case of Thatcher v. City of St. Louis, 343 Mo. 597, 122 S.W.2d 915. The descendants of sisters of a settlor had theretofore brought a suit to terminate the public charitable trust established by settlor's will on the ground that the purpose of the trust had wholly failed. The suit was originally brought against the City of St. Louis as the trustee. A plea in abatement on the ground that the attorney general was a necessary party was sustained and thereafter the attorney general was made a party and he and the city asked for an interpretation of the will and for instructions to the trustee. Thereafter, the court adjudged that plaintiffs (settlor's heirs) had no interest in the trust fund and dismissed their suit. Thereafter, the court allowed the private attorneys, who had represented the Attorney General of Missouri, fees out of the trust fund. The case relied on (Thatcher v. City of St. Louis, supra) was an appeal by the city-trustee from the judgment making those allowances. This court held that under the law of Missouri the attorney general was required to represent the public and that the enforcement of a public charitable trust was a duty prescribed by law and, therefore, allowance of fees to the attorney general from public trust funds were prohibited, and that, while the attorney general could hire special counsel to represent him in matters concerning a public charitable trust, he could not obligate the state for fees to such attorneys beyond the regular appropriation which may have been made for the purpose of enabling the attorney general to employ assistant attorneys general.

It is apparent that the foregoing statement of facts and of the holding of the court demonstrates the inapplicability of the case to any instant issue. Here, petitioner-

appellant did not represent the attorney general. He represented the trustee of a public charitable trust who had been appointed trustee by the settlor of that trust. It follows that the conclusion of respondents that because, they say, the attorney general could not have employed Mr. Kohn and could not have agreed to pay him from public trust funds for representing the attorney general, therefore Mr. Pohlman could not properly have made an agreement to have Mr. Kohn represent him for a fee to be paid from trust funds, is not sound. As we have heretofore pointed out, the trustee had the right to be represented by counsel of his own choosing and the right to provide for the compensation of such counsel in the same manner as a trustee of a private trust.

■ We hold that the contract made by the trustee of the instant public charitable trust for necessary legal services to be rendered him as trustee was not void and that he was not without authority to make such an agreement.

■ Respondents say further, however, that the services rendered by appellant were unnecessary because the trustee was not a party to the will contest and that, therefore, the agreement between the trustee and the appellant was invalid. We are unable to agree. It is true, as contended by respondents, that where the representative of an estate or a trustee seeks reimbursement for legal services, to be successful he must show that the services were necessary and beneficial and that the amount sought represents reasonable compensation. . But it does not follow that, because the trustee was not made a party to the will contest, there was no duty upon or right in the trustee to employ a lawyer to uphold the validity of the trust and thereby preserve the trust property. When Mr. Pohlman, as the duly appointed executor and trustee, probated the will, he, in effect, accepted the trust. Perry on Trusts and Trustees, 7th Ed., Vol. I, § 262, pp. 468, 469. Thereafter, as we see it, i. e., after he had accepted the trust he became bound to take all reasonable action to uphold the validity of the trust and to preserve the trust assets. Rossi v. Davis, supra, 133 S.W.2d 376 [9, 10]; Bogert, Trusts and Trustees, Vol. 3, part 2, § 581, p. 2, et seq.; Rest., Trusts, § 178, p. 456, and Missouri Annotations, § 178, p. 166; Perry on Trusts and Trustees, 7th Ed., Vol. I, § 328, pp. 567, 568; 90 C.J.S. Trusts § 270, p. 341 et seq. And as the trustee had the duty and the right to see to the successful disposition of the will contest suit, he could make a contract for such legal services whereby counsel was, in effect, given an equitable claim against the trust in order to collect his fee, Bogert, Trusts and Trustees, Vol. 3, part 2, § 581, p. 6, and such attorney's fees are properly allowable out of the trust assets, Rest., Trusts, Missouri Annotations, § 188, p. 175, comment b; 90 C.J.S. Trusts § 284, p. 399 et seq.

■ Of course, the trustee was a necessary party in the will contest, Clark v. Crandall, 319 Mo. 87, 5 S.W.2d 383, 389, as probably was also the attorney general. Certainly he would have been a proper party. The purpose of the instant trustee, however, was to defeat the will contest by any proper and by the most expeditious means and thereby preserve the trust and the trust assets. It was not incumbent upon him to voluntarily become a party to that case or to insist that the attorney general be made a party, nor was it necessary that the trustee be a party defendant as a prerequisite to his right to employ counsel to look after the trust's interests in that case. Furthermore, while the trial court dismissed the will contest on the ground that the trustee had not been made a party and apparently refused to permit the trustee to be made a party because more than a year had elapsed from the time of the probate of the will, it would appear that plaintiffs in the will contest did have the right to join the trustee as a party after the expiration of the year where, as apparently was there true, the plaintiffs were the proper persons to bring the action in the first place. Miller v. Munzer, Mo.App., 251 S.W.2d 966, 969

[1]. So that it is not true that the will contest suit was "fatally and incurably defective," as contended by respondents, when the contract for legal services was made.

██ But, irrespective of all of that, certainly the executor and trustee, either as executor or trustee, had the duty to defend the will and thereby defend the trust and the trust assets. If, as respondents contend, Mr. Pohlman might have, as executor, engaged the services of counsel to defend the will contest and if he might have received attorney's fees therefor from the probate court before the assets were distributed to the trustee, that fact would not affect the right of Mr. Pohlman as trustee to hire counsel of his own choice to render services " 'reasonably necessary for the security, protection, and preservation of the trust property, *or for the prevention of a failure of the trust.'* " Rossi v. Davis, supra, 133 S.W.2d 376.

██ We hold, therefore, that the services rendered by appellant in obtaining the final dismissal of the will contest suit and those rendered in the inheritance tax matter were necessary services and that the trustee had the right and duty to have counsel perform those services and to agree to compensate him therefor out of trust assets.

██ Respondents take the further position that to enforce a contingent fee contract for thirty per cent of the assets of a public charitable trust would be unfair and unconscionable. We recognize the fact that two eminent attorneys of the City of St. Louis testified that the contingent fee contract entered into by the trustee and appellant was, under the circumstances, entirely fair and reasonable. Certainly, the amount of the fee so provided would not indicate any unfair advantage taken or even suggest that such a contract amounted to a legal or constructive fraud. And we agree that the fairness of a contingent fee contract must be viewed from the standpoint of the circumstances of the parties at the time of its execution and not viewed in retrospect after success has been obtained by a smaller expenditure of time and effort than was contemplated or than might have been necessary. And if appellant here were attempting to enforce the contingent fee contract against the trustee as an individual, rather than directly against the assets of a public charitable trust, we might be faced with a different question in so far as concerned our view as to appellant's right to relief in the nature of specific performance.

██ We are of the opinion, however, that inasmuch as the trustee purportedly pledged public charitable trust assets in payment of the services to be rendered, that, irrespective of the fact that the contract was contingent, he could do no more than contract that appellant would have an equitable claim against the trust assets for the reasonable value of the necessary services rendered. In other words, the instant agreement is subject to and must be construed in the light of the rule that the trustee "is entitled to an allowance out of the trust estate for counsel fees * * * *subject to the limitation that he is so entitled* only in so far as the amount of the fees is fair and reasonable under the conditions of the particular case, the amount and allowance of such fee being largely within the discretion of the court to which the trustee is accountable." 90 C.J.S. Trusts § 284, pp. 403, 404. Consequently, we hold that where, as here, counsel seeks to obtain a direct allowance to be paid from the trust assets, he is subject to the rule above stated. And, while *instant appellant has sought* relief in the nature of specific performance, still we are of the opinion that it is right and proper for a court of equity, under all the instant circumstances, to award appellant reasonable compensation for his services under his prayer for general relief.

While there was no expert testimony in the trial court as to the reasonable value of the services rendered in the will contest

suit, separate and apart from the testimony pertaining to the fairness of the contingent fee contract, appellant testified in detail as to what he did in obtaining a final dismissal of the will contest and in eliminating the inheritance tax assessment, consequently, we are of the view that we may, upon an examination of that testimony, arrive at the reasonable value of those services.

Without stating appellant's testimony in great detail, he said that research convinced him that the trial court was without jurisdiction to proceed with the will contest suit because the trustee, who was an indispensable party, had not been made a defendant but that the matter of how to raise the question without entering the appearance of the trustee was a question which required further examination. After investigating, appellant entered a special appearance, filed a motion to dismiss for lack of jurisdiction, argued the matter orally, and filed a brief. As a result, the motion to dismiss, filed on February 9, 1948, argued on February 11, was sustained on March 30. Plaintiffs' attorney thereafter filed a motion to make the trustee and the three $1 legatees parties defendant. That motion was argued, briefed, and overruled by the court. Thereafter, on May 3, 1948, a final judgment of dismissal was entered in the will contest case and no motion for new trial was filed and no appeal was taken.

Mr. Kohn also testified that the inheritance tax appraiser, over his protestations in various conferences, assessed an inheritance tax against the trust in the sum of $1,899.02. Appellant filed trustee's exceptions to that report in April 1951. Those exceptions pended in probate court until June 1953, during which time appellant intermittently conferred with the personnel at the probate court in attempts to convince them of his contention that the exceptions should be sustained. The exceptions were sustained and the tax assessment set aside on June 15, 1953.

We think the amount sought for services rendered by appellant in the inheritance tax matter, viz., $400 would be reasonable compensation for those services.

Taking into account the character and extent of the services performed in the will contest suit, the amount involved (the corpus of the trust at trial time was about $40,000, and, apparently, at the time the matter was orally argued here, about $37,000), the success which attended appellant's efforts, the fact that unless the trust assets were preserved by the successful conclusion of the will contest suit he would have received no compensation for his services, and also considering the fact that any allowance will deplete by the amount allowed the assets of a public charitable trust, we are of the opinion that $2,500 would be a reasonable and fair fee under all the conditions and circumstances of the instant case.

It follows that the judgment of the trial court is reversed and the case is remanded with directions to enter judgment for appellant on count one of his petition in the sum of $2,500 and on count two in the sum of $400, both amounts to be paid out of the corpus of the trust estate.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.