Christina DAVIS, Respondent,

v.

AMERICAN NATIONAL BANK, OF ST. JOSEPH, Mo., Appellant,

Theodore R. Davis, Jr., Appellant,

William T. Davis and Gary E. Davis, Appellants,

Cory Ted Davis, by his Guardian Ad Litem, John F. Burns, Respondent.

No. WD35553.

Missouri Court of Appeals, Western District.

June 5, 1984.

Theodore M. Kranitz, Kranitz & Kranitz, P.C., St. Joseph, for appellants.

Grace S. Day, St. Joseph, for respondent Christina Davis.

John F. Burns, St. Joseph, for respondent Cory Ted Davis.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

After a guilty verdict was returned in *State v. Theodore R. Davis*, the appeal of which bears the same number as this case, and is being handed down with this case, the Missouri Division of Family Services (DFS) filed suit to have declared invalid a portion of a trust set up by Theodore Davis with the appellant American National Bank as trustee. Theodore Davis was sentenced to one year in jail for the class A misdemeanor of non-support. On September 8, 1982 Theodore Davis in a trust agreement transferred to the Bank $27,500. The trustee Bank was to pay $203.67 per month to the circuit clerk for the benefit of Davis' minor son Cory. The purpose of the trust was "to satisfy a continuing legal obligation established by a court of competent jurisdiction." The portion of the trust sought to be voided and its application enjoined, is as follows:

(e) There is now pending against Grantor a certain cause of action in the Circuit Court of Buchanan County, Missouri, # CR582–128FX, charging Grantor with criminal non-support. In the event that this cause is prosecuted to judgment (or, if dismissed, a like charge is filed and prosecuted to judgment), and in the further event that Grantor is convicted of said offense (whether misdemeanor or felony), then, regardless of the sentence that may be imposed or imposition suspended, this trust shall terminate upon exhibition to the Trustee of a certified copy of this judgment and be distributed as herein provided in the event of the death of Cory Ted Davis, that is, the said trust, both corpus and undistributed income, shall be paid over to William T. Davis to be his absolutely.

The trial court entered an order restraining the Bank from terminating the trust pursuant to 2(e). Theodore Davis was later allowed to intervene, as was Cory's mother, Christina Davis. The first Guardian ad litem appointed for Cory withdrew. John Burns was then appointed as guardian ad litem. DFS withdrew and Theodore Davis' brothers entered the matter. In essence the mother as intervenor-plaintiff took over the laboring oar from DFS.

The case was tried with Christina as plaintiff and Theodore, his other grown children, William and Gary Davis, Cory and the Bank as defendants. The court found clause 2(e) to be valid and dismissed the mother's action noting she had other remedies to collect the child support from Theodore and that at the time the suit was filed the conviction was not final making the action premature. Costs were assessed against Christina, but the guardian ad litem was allowed to submit a statement for his attorney fees. The court's award of $1477.50 as fees "to be paid out of the corpus of the trust created by Theodore R. Davis, Jr. as settlor ..." gave rise to this appeal by the Bank, Theodore and the other two Davis children.

The sole issue presented by the appellants is the propriety of assessing the guardian's fee against the corpus of the trust of which the Bank is trustee. They do not contest the amount of his fee or that he should be paid, they contend the fee should have been assessed against Christina as the losing party. The appellants point to Section 514.335 RSMo Cum.Supp. 1983 which states:

In any court case or proceeding in which a guardian ad litem is appointed by the court to safeguard the interests of a minor and in which the *minor* is *not* a *party*, the court may allow the guardian ad litem a reasonable compensation for his services, *which shall be taxed as costs in the case or proceeding.* (Emphasis added.)

The effective date of this legislation was 8-13-82. Rule 77.01 allows the prevailing civil litigant to "recover his costs against the other party, unless otherwise provided ... or by law."

The appellants further state the Bank was "sued generally and not in its representative capacity as trustee," and since the "trust entity" was not a party it should be immune from costs.

It should be noted the appellants do not contend there should be a departure from the general rule that the trust estate may, under proper circumstances, be charged for the guardian ad litem's fees. *See St. Louis Union Trust Company v. Conant*, 536 S.W.2d 789, 797 (Mo.App.1976); *St. Louis Union Trust Co. v. Kaltenbach*, 353 Mo. 1114, 186 S.W.2d 578, 583 (1945).

The applicability of § 514.335 in this case depends upon whether Cory was a party. The legal file indicates that Cory was made a party sometime prior to January 10, 1983 (the date a guardian ad litem was appointed). The appellants counter that Cory, "is only a nominal party[.]," implying, without citation of authority, the matter still falls within the statute.

 In this case Cory was a party. The statute makes no distinction as appellants suggest as to "nominal" or "necessary" parties. The appellants candidly admit, "no item is taxable as costs unless specifically so provided by statute." *McClue v. Epsten*, 492 S.W.2d 97, 98 (Mo. App.1973). Since Cory is a party, § 514.-335 which makes the fee of the guardian taxable as costs, simply does not apply here. Since not taxable as costs, the fee may only be recorded by judgment. *B.S.H. v. J.J.H.*, 613 S.W.2d 453, 458 (Mo.App. 1981). Missouri has allowed the reasonable fee of the guardian ad litem to be rendered by the courts through and from the inherent powers of appointment. *Tracy v. Martin*, 363 Mo. 108, 249 S.W.2d 321, 323 (Banc 1952); *Ragan v. Looney*, 377 S.W.2d 273, 276 (Mo.1964). Where there is a fund, the court "in its discretion and in the exercise of its equitable powers may direct the payment from such fund." *Tracy v. Martin*,

*supra*, at 323. *Drury v. Sikorski*, 419 S.W.2d 503, 505 (Mo.App.1967). This action's equitable nature and the absence of any statutory mandate to treat the fee as costs taxed against the losing party required the court to exercise its discretion as to whom this judgment should be directed. As such, that determination should not be disturbed unless an abuse of discretion is shown. *Cf. Gieselmann v. Stegeman*, 470 S.W.2d 522, 525 (Mo. banc 1971). The trial court in dissolution cases, being triable by equitable principles, may tax costs against the husband even though he is the successful party, depending on the facts of the case. *L—— v. N——*, 326 S.W.2d 751, 758 (Mo.App.1959). In equity cases, such as the case at bar, the court has the discretion to order either party to pay costs, or they may be apportioned between the parties. *Gieselmann, supra*, 470 S.W.2d at 525.

 The mother here had had financial problems as evidenced by the involvement of DFS in the suit for money's paid to her. In this equity proceeding, the "fair thing to do" was to enter judgment against the trust containing over $27,000, for the guardian ad litem's fee of $1477.50. *Drury v. Sikorski, supra*, 419 S.W.2d at 506.

The judgment reflects the trial court's proper exercise of its discretion in this matter. *In Interest of Ray*, 602 S.W.2d 955, 959 (Mo.App.1980). All the appellants' arguments are denied and the judgment of the trial court is affirmed. Pursuant to motion, the guardian ad litem, Mr. Burns, is further granted a judgment of $637.50 against the appellant Bank to be paid from the trust fund in question as compensation for this appeal. Costs to be assessed equally between all four appellants.