**In the Matter of the ESTATE OF
Edward A. HOLSCHER
(deceased).**

**Edward C. HOLSCHER, Trustee,
Appellant-Respondent,**

v.

**Warren N. ROOT and Susan Christine
Root, Respondent-Cross-Appellants.**

**Nos. 50638, 50665 and 51330.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 16, 1986.

Motion for Rehearing and/or
Transfer Denied
Jan. 22, 1987.

Application to Transfer Denied
March 17, 1987.

Davis Biggs, Jr., St. Louis, for appellant-respondent.

Thomas J. Frawley, St. Louis, for respondent-cross-appellant.

KAROHL, Judge.

Cross-appeals on Findings, Conclusions, Judgment and Order in a declaratory judgment case. The underlying dispute of plaintiff, Edward C. Holscher, as a testamentary trustee, and defendant-counter-claimant, Susan Root, as an income beneficiary, involved the management of trust funds and replacing plaintiff as trustee of a testamentary trust of plaintiff's father. Plaintiff Edward C. Holscher served as testamentary trustee under the will of Edward A. Holscher for a marital deduction trust created for the benefit of Lucille A. Holscher, plaintiff's step-mother. As trustee, plaintiff paid the income only of the trust to Lucille A. Holscher until she died on October 17, 1978. Lucille exercised her full power of appointment over the trust in favor of her granddaughter, Susan Root, for income only and on her [Susan's] death or the death of both of the children of Edward A. Holscher, which ever occurred first, the trust principal was payable to grandchildren and children of predeceased grandchildren of Edward A. Holscher living at the time of the earliest event. Unfortunately for all concerned, Lucille neglected to designate or name a trustee to serve Susan and the remaindermen. After Lucille's death, defendant and counter-claimant Warren Root, Susan's father, demanded the marital trust assets for his daughter Susan, the beneficiary of income only. His claim was based on his status as father and natural guardian of Susan, a minor, or, in the alternative, as personal representative of the estate of Lucille A. Holscher. After Lucille's death, plaintiff trustee maintained a status quo and filed this suit for directions. Warren and Susan Root filed counterclaims for failure of the

trustee to pay income to Susan and to remove Edward C. Holscher as trustee.

The decree, as amended, from which both sides appeal, determines: 1) Lucille exercised her power of appointment without designating a trustee; 2) Lucille thereby created a new trust; 3) an independent trustee should be named; 4) Edward C. Holscher, trustee, had authority to act under the Edward A. Holscher marital trust until judicial instructions were given; 5) fees and payments were approved involving maintaining the trust and litigation, including a fee for counsel for Susan Root (some payable from trust principal and some from income); 6) some of the retained "income" otherwise due Susan may be held pending determination of federal estate tax obligations on the estate of Lucille A. Holscher and including the trust assets, the liability for which and the amount of which the court expressly did not determine, but for which the court retained jurisdiction.

Subsequent to the cross-appeals both sides filed motions requesting the trial court to grant further relief on their claims. In response to these motions the trial court appointed a new trustee and entered orders for payments of awards contained in the judgment. It received and approved a final accounting of Edward C. Holscher as trustee. Susan Root as income beneficiary filed a new notice of appeal. We have consolidated the three appeals.

## FACTS

As an aid to understanding the issues the following undisputed facts are in point.

Edward A. Holscher died October 17, 1973, a resident of the State of California. He was survived by Lucille A. Holscher and two children of a prior marriage, Edward C. Holscher [now age 78] and Beatrice Walther [now age 81]. He had a pre-deceased son, John A. Holscher, who was survived by a widow, Martha Holscher.

The will and codicil of Edward A. Holscher made certain specific bequests of real and personal property and created two trusts. The first trust was a marital deduction trust for the benefit of Lucille A. Holscher. The marital trust was funded with 50% of the adjusted gross estate. The net income from the trust estate was payable to Lucille A. Holscher during her lifetime. The trustee also had a power of encroachment for Lucille. After Lucille's death the trustee was directed to pay the entire remaining trust estate "to such persons and in such manner as my said wife by her Last Will and Testament shall appoint. In default of appointment by my said wife as aforesaid, then the Trustee shall pay and distribute said residue of said trust estate to the Trustee of the HOLSCHER FAMILY TRUST, hereinafter created, to be held, managed, administered and distributed according to the terms and provisions thereof." The will then created the HOLSCHER FAMILY TRUST consisting of the residue of the estate. The income of the family trust was payable to Beatrice Walther and Edward C. Holscher, as children, and to Martha Holscher as the surviving wife of a predeceased son. The family trust terminated on the death of the two surviving children at which time the trustee was to distribute the remaining trust estate to then living grandchildren and representatives of deceased grandchildren, with the exception of Bev Holscher, in equal shares.

Lucille Adeline Holscher died on October 17, 1978, a resident of the State of California. Her will was filed with a court on October 26, 1979 and admitted to probate in 1980. Lucille appointed Warren Newell Root as executor. Her will provides that estate taxes are to be paid from the residue of the probate estate, but estate taxes attributable to the exercise of a power of appointment under the will of Edward A. Holscher are to be charged to and paid from the Marital Trust. Item Sixth of her will is the source of the problems involved in the present law suit. It reads as follows:

### SIXTH

I hereby exercise the power of appointment given to me by the Last Will and Testament of my late husband, EDWARD A. HOLSCHER, which Will is

now being probated in the Superior Court of the State of California, County of Los Angeles, Case No. NE P–16149, if I survive his death by a period of six months, and do hereby appoint the estate subject thereto as follows:

During the term hereof as hereafter provided, to pay the net income therefrom in convenient installments to or for the benefit of my granddaughter, SUSAN CHRISTINE ROOT, but not to pay any part of the principal thereof to her for her benefit. This trust shall terminate upon the first to happen of the following events:

(1) The death of Susan Christine Root:

(2) The event which terminates the EDWARD A. HOLSCHER "FAMILY TRUST", as set forth in the Last Will and Testament of said EDWARD A. HOLSCHER.

Upon the first to happen of the foregoing events this trust shall terminate and the remaining trust estate, including any accrued and undistributed income, shall be paid and distributed to the then living grandchildren of said EDWARD A. HOLSCHER in equal shares, or to the then living descendants of any deceased grandchild, upon the principal of representation, but specifically excluding the issue of the marriage of my husband's grandson, JACK HOLSCHER to BEV HOLSCHER.

The Trustee shall have the same powers and the same general provisions as are granted to the Trustee by Paragraphs III and IV of Article Eight of said Last Will and Testament of EDWARD A. HOLSCHER.

Articles III and IV of the will of Edward A. Holscher described the powers of the trustee named in his will and gave general provisions. Particularly, Article III provides that in order to "carry out the purposes of this trust and subject to any limitations stated elsewhere in this will, *the Trustee* (our emphasis) is vested with the following powers" to manage and control the trust assets. Article IV provides for compensation for the trustee and the general directions for management of trust assets. The trustee argues that by adopting provi-

sions of her husband's will, Lucille intended for him to continue as trustee under her will. None of her relatives had reason to protect the interests of remaindermen, grandchildren of her deceased husband.

On November 6, 1978, and within one month after Lucille died, an attorney representing Warren and Susan Root sent a letter to Edward C. Holscher, as trustee, requesting the marital trust assets and included a copy of the will of Lucille A. Holscher. On August 8, 1980, the trustee received a certified copy of the will and a renewed demand that the income of the marital trust be paid to Susan. On the date of Lucille Holscher's death, her granddaughter Susan Root, born December 23, 1959, was living with her parents and was eighteen years of age. The letter of November 6, 1978, indicates that Lucille A. Holscher had disposed of her own property inter vivos and that it was doubtful that a probate estate would be necessary. Evidence presented with regard to the federal estate tax return for the estate of Lucille A. Holscher reflects a probate (or taxable) estate of $213,000 and marital trust assets of $106,000. The evidence does not disclose a reasonable explanation to adequately account for a two year delay in opening her estate. The trustee of the marital trust timely filed a federal estate tax return reflecting only the assets in the trust and no tax due. Apparently no federal estate tax return was filed for the probate estate. The return of the trustee provoked a determination of federal estate tax due in the approximate amount of $57,665.20 for both estates.

After Edward C. Holscher filed his petition for instructions, Susan Root filed a counterclaim and offered evidence that she was damaged because of the failure to the trustee to timely pay income from the marital trust. She contended that she needed surgical care for a chronic condition of rheumatoid arthritis which was delayed because she did not timely receive income from the trust. She also requested that no regular or extraordinary trustee or attorney's fees be allowed because of the refusal to timely pay income to her. She asked

that no extraordinary fees of the trustee or his attorney be allowed in relation to the litigation of these matters.

The trial court denied relief under Susan Root's counterclaim and awarded fees for the trustee, the trustee's lawyer, and Susan's lawyer, partly payable from income and partly payable from the principal of the marital trust. The original findings and judgment approved the fees for the trustee and attorneys for both sides. An amended judgment authorized extraordinary trustee's fees payable from corpus; regular trustee's fees payable ½ from corpus and ½ from interest; fees for services rendered by attorneys and investigators in California payable from income; and attorneys' fees payable from corpus if found reasonable. After both parties appealed, the court entered orders approving a final settlement of account by trustee Edward C. Holscher and awarding an additional trustee and attorneys fee payable from corpus. A second order entered after the original notices of appeal appointed a new trustee who was authorized to pay accrued income to Susan Root except for a fixed sum to be held as a reserve against federal estate tax liability.

## TRUSTEE'S APPEAL

Plaintiff trustee claims two trial court errors in the original findings and judgment. No appeal was filed after the subsequent orders. Particularly, no appeal was filed after the trial court approved trustee's final accounting and termination fees. Prior to these orders the trustee appealed claiming the court erred in finding that a new trustee was required and awarding attorney's fees for Susan Root payable from the corpus of the trust. We find the first issue moot because of the subsequent orders from which appeal was not taken.

■ There was no error in awarding attorneys fees payable from the corpus of the trust for Susan Root. These services were in response to the trustee's petition for instructions and were directed at obtaining the income benefits provided for her in the trust. The thrust of her request was to enforce, not to destroy the trust.

There was no abuse of discretion in the award of fees payable from the corpus. *Coats v. Coats*, 316 S.W.2d 875, 878–879 (Mo.App.1958).

## SUSAN ROOT'S APPEAL

Warren Root has not appealed the judgment of the trial court. Susan claims: (1) she was entitled to damages on her counterclaim; (2) Lucille's will terminated the Edward A. Holscher Marital Trust and no trustee's fees were proper for continued or extraordinary services; (3) because the trust was terminated by the appointment in Lucille's will no fees for California lawyers or investigators were proper; and, (4) the successor trustee is not entitled to withhold any reserve from trust income and the court erred in permitting a reserve for possible federal income tax liability of the trust.

In support of her counterclaim, Susan contends that her grandmother, Lucille Holscher, exercised a power of appointment by her will, the trustee acknowledged a valid exercise but failed to timely remit trust income in convenient installments. The legal basis of the counterclaim is a breach of trust. *Parker v. Pine*, 617 S.W.2d 536, 540 (Mo.App.1981). The factual basis is the failure to pay without reasonable justification or excuse. The question presented is whether Susan proved an unqualified duty of the trustee and undue delay in performance. The issue is whether the court erred in finding no breach of trust or no damages or both. We find no error in the finding that plaintiff trustee "had authority to continue acting on behalf of the Marital Trust and was not dilatory in seeking instruction of the court or in winding up the affairs of said Marital Trust."

■ We find no error in denying Susan relief on her counterclaim. First, the Marital Trust terminated when her grandmother died. If true, the trustee's duty was to wind up the affairs of the trust and not to pay income to Susan. Warren Root demanded that latter course of conduct. The demand created confusion and alerted the trustee to proceed with caution. Second, Lucille died in 1978 but her will was

not admitted to probate until 1980. The present petition for instructions was filed in July, 1981, by the trustee who was unable to convince the parties that he had authority under Lucille's will to continue as trustee of the Marital Trust. If Susan and Warren Root accepted the trustee's claim of continued authority, the income could have been paid and the entire dispute resolved. Third, the intervention of Warren Root exposed the trustee to competing claims of Susan and the grandchildren of Edward A. Holscher as remaindermen. The source of the problem was Lucille's failure to name a trustee and Warren's unsupported demand causing delay in handling Lucille's estate. On these facts there was no breach of trust. There was no evidence of mismanagement of the trust. Finally, Susan's claim that she failed to receive the income which caused delay in needed surgery was not substantial. No damages were proven. She will receive the income from the successor trustee named by the court and under the instructions of the court. Point one is denied.

■ A trustee has no authority to act after the termination of a trust, other than to wind up its affairs. *Leith v. Mercantile Trust Company*, 423 S.W.2d 75, 85 (Mo. App.1967). However, the burden was on Susan to establish her claim to income by proving a valid exercise of the power of appointment. *Id.* Any delay was not chargeable to the trustee as a breach of trust where he continued to serve until distribution of the trust estate. *Id.* No error occurred in approving fees for the trustee in continuing to manage and protect the trust corpus and accumulating income until the dispute ended after the court determined the rights and duties of the parties. Susan and the trustee had equal access to the court for instructions. Point two is denied.

■ For the reasons already given, Susan's third point fails. Here she claims trust funds were inappropriate to pay expenses in defending a claim which she and her father filed in California. Section 456.-520.3(25) RSMo Cum. Supp. 1984 authorizes payment of these expenses. The court ordered that these expenses be paid from income of the trust. The proper venue for Susan's claims was in Missouri and the California proceedings were unwarranted. Defense of the California proceeding was required to protect the trust assets. It is proper that the income beneficiary, Susan, and not the remaindermen pay these costs.

■ Finally, Susan claims the court erred in permitting the new trustee to withhold part of accumulated income as a reserve for possible federal estate tax liability of the trust. The court found the trust corpus to be 31.5% of the total taxable estate of Lucille Holscher. Section 456.-810.3(5) RSMo Cum. Supp. 1984, effective September 28, 1983, directs that estate and inheritance taxes levied in respect of a trust, where income and remaindermen have an interest, shall be paid from principal. The provision is neither mandatory nor decisive in the present case. It was not enacted until 1983 and Lucille Holscher died in 1978. This section must be interpreted together with § 456.710.1(1) and (3) RSMo Cum. Supp. 1984. The taxes on Lucille's estate were due in 1979, long before this section was enacted. If the taxes were timely paid, the corpus of the trust would have been reduced by the amount of taxes paid. Because the taxes were not timely paid, the corpus of the trust was increased by the measure of unpaid taxes. The corpus produced income of money not paid as taxes. In addition, the trustee filed a timely federal estate tax return and no assessment was made by the Internal Revenue Service prior to July 16, 1982. On that date the trust obtained a statute of limitations defense to a claim for federal estate taxes. Because of this defense the trial court did not order the trustee to pay such tax. If none is due, Susan will eventually realize the benefit of the reserve. If such tax is found due and owing, then any additional income resulting from failure to timely pay the tax will be available in the trustee's control for partial payment. On these facts we find no error. Susan can benefit, but not be injured by this part of the judgment. Incidentally, it appears that

the untimely management of the probate estate in California created the tax controversy, not any act of the trustee. It is clear that the remaindermen under the trust as appointed by Lucille Holscher should not be liable for federal estate taxes in respect of the trust beyond the sum owed if timely paid.

Although the original appeals of both parties were premature, the subsequent appeal of defendant Susan Root followed a final judgment. It was timely and vested jurisdiction for the appeals. We affirm the judgment of the trial court in all respects.

PUDLOWSKI, P.J., and CRANDALL, J., concur.