In the Interest of C.J.E., Plaintiff.

G.D.K. and K.A.K., Adoptive
Parents, Appellants,

v.

R.L.E., Biological Father, Respondent.

No. WD 48713.

Missouri Court of Appeals,
Western District.

June 28, 1994.

John Henry Edmiston, Warrensburg, guardian ad litem.

William N. Marshall, II, Grandview, for appellants.

Leah Gagne, Kansas City, for respondent.

Before SMART, P.J., and KENNEDY and ULRICH, JJ.

PER CURIAM:

Appeal from trial court's order of adoption assessing costs and guardian ad litem fees against adoptive parents.

Affirmed.

The appellants, K.A.K. and G.D.K., are the natural mother and stepfather of C.J.E., a male child, born on February 8, 1982. The respondent, R.L.E., is the natural father. The natural parents were divorced in 1984. Pursuant to the decree of dissolution, K.A.K. was awarded custody of the child and R.L.E. was granted reasonable visitation and ordered to pay child support in the amount of $200.00 per month. However, from October 1984 to October 1992, the natural father failed to pay child support and did not exercise any of his visitation rights with the child.

The appellants were married on December 7, 1984 and C.J.E. has lived with them continuously since that date. On May 19, 1992, appellants filed their petition for adoption alleging that the natural father had willfully abandoned C.J.E., having neglected to provide him with the necessary care and protection for a period of at least six months. On October 22, 1992, a settlement agreement was reached whereby the natural father agreed to pay $15,000.00 to K.A.K. for back payments due for child support. On November 20, 1992, appellants filed an amended petition for adoption. A guardian ad litem was subsequently appointed.

A trial was held in June 1993. On August 12, 1993, the trial court issued its findings of fact, granting the adoption of C.J.E. to the appellants and terminating the parental rights of the natural father. The court also ordered all costs and expenses, including the

guardian ad litem fee, to be assessed against appellants.

On August 25, 1993, appellants filed a motion to amend the judgment requesting the court to assess the guardian ad litem fees against the natural father. On October 21, 1993, the guardian ad litem filed an application for fees. On November 1, 1993, the trial court granted the guardian ad litem's motion and ordered the appellants and natural father to pay the guardian ad litem fees in the amount of $1,870.00, jointly and severally. On November 15, 1993, the trial court denied the appellants' motion to amend the judgment. This appeal followed.

■ Appellants raise two points on appeal. In Point I, appellants contend that the following finding of fact is erroneous and against the weight of the evidence:

16. That very shortly after receiving the $15,000.00 settlement, the Petitioners filed this action to terminate the biological father's parental rights, and to adopt the minor.

Appellants assert that finding No. 16 is incorrect because the original petition for adoption was filed before the settlement date. The record shows that the appellants filed their original petition for adoption on May 19, 1992. The settlement date was October 22, 1992. While we agree that the finding contains a mistatement with regard to the timing of the filing of appellants' action, it is not relevant to any issue on appeal and appellants do not claim to have been prejudiced. As such, we decline appellants' request to remand on this basis.

■ In Point II, appellants contend the trial court erred in assessing costs, including the guardian ad litem fees, against them. Appellants claim that the court was required to assess those costs to the natural father as the losing party under Rule 77.01. Rule 77.01 provides that the prevailing party in a civil action "shall recover his costs against the other party, unless otherwise provided in these rules or by law." Appellants' reliance on Rule 77.01, at least with respect to the

guardian ad litem fees, is misplaced. Under Missouri law, "no item is taxable as costs unless specifically so provided by statute." *In Interest of Ray,* 602 S.W.2d 955, 958 (Mo.App.1980) (citing *McClue v. Epsten,* 492 S.W.2d 97, 98 (Mo.App.1973)). Guardian ad litem fees may be assessed as "costs" only in cases where the minor is not a party. Section 514.335, RSMo 1986. Section 514.335 provides that:

In any court or proceeding in which a guardian ad litem is appointed by the court to safeguard the interests of a minor and in which the *minor is not a party,* the court may allow the guardian ad litem a reasonable compensation for his services, which shall be taxed as costs in the case or proceeding.

Here, the minor child was a party[1] to the adoption proceeding. *See In Re G,* 389 S.W.2d 63, 66[8] (Mo.App.1965). Therefore, § 514.335 does not apply. Because the statute does not apply in this case, the guardian ad litem fees may not be taxed as "costs." Thus, it was improper for the trial court to include the guardian ad litem fees as part of the "costs" of the action.

■ Since the trial court was precluded from taxing the guardian ad litem's fee as a "cost" of the action, there still remains the question of how such fees may properly be assessed in a proceeding involving a minor party. Neither party has cited any statutory authority which would authorize the juvenile court to grant fees to guardians ad litem in adoption proceedings. Nor has this court located any such authority. Nonetheless, Missouri courts have granted reasonable compensation to appointed guardians ad litem in proceedings involving minor parties. *See Davis v. American National Bank,* 672 S.W.2d 182, 184 (Mo.App.1984). Absent statutory direction, the authority to grant such compensation stems from the court's "inherent powers of appointment." *Id.* "The duty of the court to appoint [a guardian ad litem] necessarily implies the obligation to pay and the power of the court to fix reasonable compensation." *In Interest of Ray,* 602

---

1. "The person to be adopted, or adoptee, must be considered as a party to the proceedings as well as the 'subject matter' of the proceedings." 1

Missouri Family Law, section 4.30 (MoBar 4th ed. 1988).

S.W.2d 955, 958 (Mo.App.1980) (quoting *Ragan v. Looney*, 377 S.W.2d 273, 276 (Mo. 1964)).[2] While the guardian's fees may not properly be taxed as costs of the action, the court has the inherent authority to grant such fees in the form of a judgment. *Id.* at 959.

Here, the record shows that after the entry of the original judgment, and upon application of the guardian ad litem, the court entered a judgment for the guardian's fees in the amount of $1,870.00, to be paid jointly and severally by both parties. This ruling, which the court entered during the time that the appellants' motion to amend the judgment was still pending, effectively modified the original judgment as to the guardian's fees, albeit by implication. Appellants did not appeal from the judgment for guardian ad litem fees.

Respondent claims, however, that the trial court was without jurisdiction to rule on the guardian ad litem's after-trial request for fees because it was untimely. He asserts that the guardian was required to file his application for fees within 15 days after entry of judgment.[3] Respondent claims the court lost jurisdiction thirty days after the entry of its judgment on August 12, 1993.

■ Under Rule 75.01, the trial court retains jurisdiction for thirty days after entry of judgment to amend, modify, vacate, reopen or correct its judgment. In the event that a timely after-trial motion is filed, however, the time period within which the court may exercise jurisdiction over the judgment extends to ninety days. *AGC Insurance Fund v. Jetco Heating & Air Conditioning,*

815 S.W.2d 141, 142 (Mo.App.1991); Rule 81.05.

■ Here, the appellants filed a timely motion to amend the judgment on August 25, 1993. Therefore, under Rule 81.05, the trial court retained jurisdiction for an additional ninety days from the date of the filing of the motion to amend the judgment. Thus, at the time of the filing of the application for guardian ad litem fees on October 22, 1993, the trial court still had jurisdiction.[4] The trial court had the inherent authority to allow reasonable compensation for the appointed guardian. Therefore, we conclude that it was not improper for the court to rule on the guardian ad litem's application for fees and to enter judgment for such fees. Since the subsequent judgment entered in favor of the guardian ad litem effectively modified the original judgment[5] by requiring both parties to pay the guardian's fees, the issue of whether the court erred in assessing all of the guardian's fees against appellants under the earlier judgment is now moot.

With respect to any remaining court costs that were assessed against appellants, we find that the trial court did not abuse its discretion in assessing those costs against the appellants. For the foregoing reasons, we affirm the judgment.

**2.** At the time of the *Ray* decision, there was no statutory authority for the allowance of fees for guardians ad litem who were appointed by the court to safeguard the interests of minor children. *Ray*, 602 S.W.2d at 958. In 1982, however, the Missouri legislature responded by enacting § 514.335 RSMo which allowed courts to grant reasonable compensation to court-appointed guardians, but only in cases where minors were not parties.

**3.** Under former Rule 73.01, which was still in effect at the time of the underlying action, motions for new trial or to amend the judgment had to be filed within 15 days after entry of judgment.

The current Rule 73.01 allows parties thirty days within which to file such motions.

**4.** We disagree with respondent's assertion that the guardian had only 15 days within which to file an application for fees. Rule 73.01 applies to motions for new trial and motions to amend the judgment. In this case, we conclude that the guardian's request for compensation did not constitute a motion for new trial or a motion to amend the judgment.

**5.** The amount of compensation was not modified and is not in dispute.