### Deborah M. ANSELMO, Plaintiff/Appellant,

### v.

### Josephine GUASTO, as Personal Representative for the Estate of Bernard T. Anselmo, Co–Trustee of Bernard T. Anselmo Revocable Living Trust Agreement, and Individually as a Beneficiary of the Bernard T. Anselmo Revocable Living Trust Agreement, Boatmen's Trust Company, Co–Trustee of the Bernard T. Anselmo Revocable Living Trust Agreement, and Andrew F. Guasto, Jerome Anselmo, Frances Ann Anselmo, Joseph Thomas Guasto, Andrew Vincent Guasto, Peter Paul Guasto, John Michael Gusto (Sic), Leonarda Marie Hovis, and Anthony Anselmo, all as Beneficiaries of the Bernard T. Anselmo Revocable Living Trust Agreement, Respondents/Defendants.

### No. ED 75842.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 21, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 2000.

Gary M. Siegel, Siegel Sevastianos, LLP, St. Louis, for appellant.

Dorothy L. White–Coleman, White & Watson, L.C., St. Louis, for respondent guardian ad litem for the minor child Anthony Anselmo.

Elizabeth M. Clark, St. Louis, for respondents Frances Ann Anselmo and Jerome Anselmo.

Josephine T. Guasto, Sullivan, Respondent Acting pro se.

Nations Bank, St. Louis, Respondent Acting pro se.

CRANE, Presiding Judge.

Plaintiff brought a successful action against the personal representative of an estate and the co-trustees and ten beneficiaries of a trust to have the trust and the will, which poured over decedent's assets into the trust, declared invalid. However, she appeals from the trial court's order allowing the trustees' attorneys' fees and costs and the guardian ad litem fees for the minor defendant to be paid out of the trust assets. We affirm.

Plaintiff, Deborah Anselmo, the sole heir at law of decedent, Bernard Anselmo, brought an action to have decedent's will and revocable living trust set aside. Plaintiff alleged that the pourover will and the trust, both of which were executed contemporaneously on January 3, 1995, were invalid as a result of decedent's incapacity and/or defendant Josephine Guasto's undue influence over decedent which caused decedent to not provide for plaintiff. Plaintiff named as defendant Josephine Guasto in her capacities as personal representative of decedent's estate, co-trustee of the trust, and beneficiary of the trust. Plaintiff further named as defendants Boatmen's Trust Company, in its capacity as co-trustee of the trust, and nine other beneficiaries of the trust, including Anthony Anselmo, plaintiff's minor son, and Jerome Anselmo and Frances Ann Anselmo, who were determined to be mentally or physically infirm.

Pursuant to a consent order filed at the commencement of this litigation, Josephine T. Guasto and Boatmen's Trust Company were appointed Co–Trustees Pendente Lite of the trust. The order allowed the trustees to expend trust assets to prevent waste or depreciation and to maintain and/or manage the trust assets in a customary and ordinary manner.

Marc Kramer and Stewart Oelbaum appeared as attorneys for the co-trustees and for the beneficiaries in the trial court proceedings. The trial court appointed a guardian ad litem for Anthony Anselmo pursuant to Rule 52.02(e) and a guardian ad litem for Jerome Anselmo and Frances Ann Anselmo pursuant to Rule 52.02(k).

The circuit court found that plaintiff's claims were properly joined but deferred trial on the equitable counts in order to preserve the statutory right to a jury trial on the will contest. At trial the jury was instructed that it was to find that the will was the last will and testament of the decedent if it found that decedent was of sound mind unless plaintiff established that decedent signed the will as a result of the undue influence of Josephine Guasto. The jury rendered a verdict for plaintiff finding that "the document filed in this Court's probate division, dated 1–3–95, is not the last will and testament of Bernard

Anselmo." The trial court entered a judgment in accord with the verdict. The issue of the validity of the trust document was then tried to the court. The parties agreed that the evidence presented in the jury trial was to be considered by the court in ruling on the validity of the trust. The trial court found that the evidence did not support a finding that decedent was incompetent at the time the document was executed, but that it did support a finding that Josephine Guasto exercised undue influence over decedent and the trust instrument resulted from that undue influence. It ordered the assets of the trust to be delivered to the administrator of decedent's probate estate.

Plaintiff subsequently filed a motion to tax costs against defendant Josephine Guasto. The co-trustees, Josephine Guasto and Boatmen's, moved that their counsel fees and costs be paid from the trust assets pursuant to *Murphey v. Dalton*, 314 S.W.2d 726 (Mo.1958). The guardian ad litem for the minor beneficiary moved for attorney's fees and costs. The court ordered that the attorneys' fees incurred by the attorneys for the co-trustees, the fees of the guardians ad litem, and the costs of the action be paid out of the trust assets. In reaching this decision, the trial court specifically found that the attorneys' fees in question were reasonable, that the trustees had a duty to defend the trust, and that it was equitable for the fees to be paid out of the trust assets. The court found that the services performed by the attorneys were for the benefit of the trust although the beneficiaries also would have benefited had the trust prevailed.

1. *Payment of Attorneys' Fees and Costs*

■ For her first two points on appeal, plaintiff contends that the trial court erred in ordering that the trustees' attorneys' fees and the costs of the action be paid out of the trust assets because under the American rule each party should pay its own fees, and in a will contest the costs should be taxed against the party who did

not prevail. She further asserts that the litigation did not benefit the trust, plaintiff was the prevailing party in setting aside both the will and the trust, the litigation did not involve the construction of the trust, and almost all of the attorneys' fees and costs were incurred in defending the will contest. We disagree. The issue raised is controlled by the law governing a court's authority to order a trustee's expenses incurred in defending a trust to be paid from the trust estate, not the law governing who, between the parties to an action, is liable for attorney's fees and costs.

■ As a general rule a trustee is entitled to be allowed against the trust estate all the trustee's proper expenses, including all expenses reasonably necessary for the security, protection, and preservation of the trust property, or for the prevention of a failure of the trust. *Coffman v. Gates*, 110 Mo.App. 475, 488–89, 85 S.W. 657, 660 (1904). A trustee is bound to take all reasonable action to uphold the validity of the trust and to preserve the trust assets. *Murphey v. Dalton*, 314 S.W.2d 726, 732 (Mo.1958). Section 456.520.3(25) (RSMo Cum.Supp.1998) specifically gives the trustee, as fiduciary, the power to prosecute or defend actions, claims, or proceedings for the protection of trust assets and of the trustee in the performance of his or her duties. Accordingly, a court is authorized to order payment of a trustee's expenses in defending the trust or the trust estate. *Matter of Estate of Holscher*, 724 S.W.2d 577, 582 (Mo.App. 1986). A trustee must defend suits which will wholly invalidate the trust or reduce its scope. *Nelson v. Mercantile Trust Company*, 335 S.W.2d 167, 175 (Mo.1960); *Columbia Union Nat. Bank & Trust v. Bundschu*, 641 S.W.2d 864, 880 (Mo.App. 1982); George Gleason Bogert and George Taylor Bogert, The Law of Trusts and Trustees Section 581, p. 334 (2 nd Ed. Rev. 1980). A trustee who defends an action for the benefit of the trust, including to prevent the failure of the trust, may, with

propriety, incur such costs, the expense of an attorney included, as are reasonable for the purpose and is entitled to be reimbursed from the trust estate. *Murphey*, 314 S.W.2d at 732–33; *Rossi v. Davis*, 345 Mo. 362, 133 S.W.2d 363, 376 (1939); *Matter of Heisserer*, 797 S.W.2d 864, 874 (Mo. App.1990); *In re Coats Trust*, 581 S.W.2d 392, 398 (Mo.App.1979); *Coffman*, 85 S.W. at 661; 76 Am.Jur.2d *Trusts* Section 635 (1992). The trustee need not be successful in defending the trust before the court can order that the trustee's reasonable attorney's fees or the costs of the suit be paid out of the trust assets. Bogert, Section 581, p. 339. *See In re Estate of Chrisman*, 723 S.W.2d 484, 487 (Mo.App.1986) (applying this rule in an action to obtain construction of a will creating a trust).

■ The trustees were also obligated to defend the will and thereby preserve the trust and the trust assets. *Murphey*, 314 S.W.2d at 732. Attorney's fees and costs to defend the will may be paid out of the trust assets. *Id. See also Chrisman*, 723 S.W.2d at 487.

The trial court had the authority to order that the co-trustees' attorneys' fees and the costs in this case be paid out of the trust assets and did not abuse its discretion in doing so. Points one and two are denied.

### 2. *Guardian Ad Litem Fees*

■ For her third point, plaintiff contends that the trial court erred in ordering that the fees of the guardian ad litem for the minor beneficiary be paid out of the trust assets.[1] Plaintiff argues that a guardian ad litem was unnecessary because the minor beneficiary's interests were identical to the rest of the beneficiaries and his interests were already adequately represented. We disagree.

Rule 52.02(e) requires that a civil action against a minor defendant not be prosecuted until a guardian ad litem is appointed for the minor defendant. Rule 52.02(j) provides that no person appointed guardian ad litem for a minor shall be personally liable for the costs of the action.

■ A court-appointed guardian ad litem may employ counsel or, if the guardian ad litem is an attorney, may act as counsel for the minor. *Ragan v. Looney*, 377 S.W.2d 273, 276 (Mo.1964). If the guardian ad litem acts as counsel and if the services were necessary, the guardian ad litem is entitled to a reasonable fee for services rendered as attorney and as guardian ad litem. *Id.* The duty of the court to appoint a guardian ad litem necessarily implies the obligation to pay the guardian ad litem and the power of the court to fix reasonable compensation. *Id. In Interest of C.J.E.*, 878 S.W.2d 845, 847 (Mo.App.1994). The guardian ad litem's fee for representing a minor defendant is awarded by judgment. *C.J.E.*, 878 S.W.2d at 848; *Davis v. American Nat. Bank*, 672 S.W.2d 182, 184 (Mo.App.1984). It is within the trial court's discretion to determine against whom the judgment may be rendered. *Davis*, 672 S.W.2d at 184. If there is a fund, the court may in its discretion and in the exercise of its equitable powers direct payment from the fund. *Id.*

In this case the trial court did not abuse its discretion in charging the trust estate for the guardian ad litem fees for the minor beneficiary. The minor was involuntarily brought into court as a defendant solely by the virtue of the fact that he was a named beneficiary of the trust. The minor defendant was not awarded any monies as a result of the litigation. The guardian ad litem was necessary to properly adjudicate the action seeking to invalidate the trust and the will creating it.

---

1. The point is generally directed to guardian ad litem fees, but the argument only discusses the fees of the guardian ad litem for the minor beneficiary. The other guardian ad litem was appointed at plaintiff's suggestion, the order of appointment directed that the fees be paid from the trust estate, and plaintiff raised no objection to the payment of this guardian's fees at trial.

The guardian ad litem's efforts were necessary to defend the estate. Under such circumstances a trial court may award a reasonable fee from the trust estate for the services of the guardian ad litem. *See O'Reilly v. Jackson*, 269 S.W.2d 631, 639 (Mo.1954).

The trial court did not abuse its discretion in ordering that the guardian ad litem's fees be paid out of the trust assets. Point three is denied.

The judgment of the trial court is affirmed.

ROBERT G. DOWD, Jr., J. and SHERRI B. SULLIVAN, J., concur.