Christine SCHINDLER, Personal Representative of the Estate of Robert J. Schindler, and William A. Schindler, Plaintiffs/Respondents/Cross–Appellants,

v.

Anne M. PEPPLE, individually, and as Trustee of the Margaret Mae McCluskey Revocable Trust Dated March 4th 1986, and as Trustee of the Gertrude C. McCluskey Revocable Trust Dated January 14th 1986, Daniel J. McCluskey, Patrick W. McCluskey, individually, and as Trustee of the Margaret Mae McCluskey Revocable Trust Dated March 4th 1986, and as Trustee of the Gertrude C. McCluskey Revocable Trust Dated January 14th 1986, The Margaret Mae McCluskey Revocable Trust Dated March 4th 1986, and The Gertrude C. McCluskey Revocable Trust Dated January 14th 1986, Defendants/Appellants/Cross–Respondents.

Nos. ED 83340, ED 83401.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 8, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 2005.

Jack B. Spooner, Wittner, Poger, Spewak, Maylack & Spooner, P.C., St. Louis, MO, for appellants.

Craig A. Smith, Polsinelli Shalton Welte Suelyhaus PC, St. Louis, MO, for respondents.

Before PATRICIA L. COHEN, P.J., KATHIANNE KNAUP CRANE, J. and ROBERT G. DOWD, JR., J.

PER CURIAM.

The individual plaintiffs and defendants in this case are the heirs of sisters Gertrude C. McCluskey and Margaret Mae McCluskey (collectively "the aunts"), who died intestate. The trustee defendants in this case are the successor trustees of Gertrude C. McCluskey's revocable trust dated March 4, 1986 and Margaret Mae McCluskey's revocable trust dated March 4, 1986. The individual plaintiffs and defendants are also beneficiaries of these trusts.

A six-unit apartment complex in the City of St. Louis (the Property) had been conveyed to the aunts as tenants in common in 1974. The aunts executed separate revocable trusts during their lifetimes, into which they conveyed most of their property, but they failed to convey the Property into their trusts with a valid deed. As a result, the Property was still in the aunts' names when they died and it passed to the heirs. The successor trustees, however, assumed that the Property was owned by the trusts and managed it as an asset of the trusts.

This litigation commenced when the trustees discovered that the trusts did not own the Property and requested that plaintiffs convey their shares of the Property to the trusts. Plaintiffs then filed a quiet title action and defendants filed a counterclaim seeking reformation of the invalid 1986 deed. The trial court entered a judgment in plaintiffs' favor on plaintiffs' quiet title claim and against defendants on their counterclaim seeking reformation of a deed. As part of its quiet title judgment, it awarded the heirs the net income of the Property, but deducted therefrom defendants' attorney's fees litigating this action. Both parties appeal. We modify the judgment so that the amount of defendants' attorney's fees is not subtracted from the award of net income. We affirm as so modified.

## I. *Defendants' Appeal*

Defendants appeal that part of the judgment denying reformation of a deed and

awarding the property owners' heirs a share of the net income produced over the time period that the heirs were determined to have title. The trial court's judgment denying reformation and awarding the heirs their shares of net income is supported by substantial evidence and is not against the weight of the evidence. With respect to defendants' appeal, no error of law appears. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). An opinion reciting the detailed facts and restating the principles of law would have no precedential value. We have furnished the parties with a memorandum opinion, for their information only, setting forth the facts and reasons for this order. This part of the judgment is affirmed in accordance with Rule 84.16(b).

## II. *Plaintiffs' Appeal*

In Count I of their amended petition, plaintiffs sought to quiet title to the Property, and also prayed for a "sum equal to back rents paid." In their answer, defendants requested that any rents awarded be set off by the expenses they had incurred in administering, operating, and maintaining the Property. Likewise, in their counterclaim for contribution, defendants sought expenses for administration, operation, maintenance, taxes, and utilities of the Property. Defendants did not request attorney's fees in litigating this action. The trial court quieted title in the heirs and awarded the heirs the net income from the Property. However, in calculating the major operating expenses of the Property, the trial court included defendants' attorney's fees in litigating the case in the sum of $42,891.95. It then deducted major operating expenses, including defendants' attorney's fees, from gross income to find net income of $77,286.66 to be divided among the heirs.

For their sole point on cross-appeal, plaintiffs assert that the trial court erred in subtracting defendants' attorney's fees from the net income of the Property. We agree.

The net income of the property is gross income less taxes, mortgage interest, and operating charges. MILTON R. FRIEDMAN, CONTRACTS AND CONVEYANCES OF REAL PROPERTY, Section 9.1 (3rd ed.1975). The trustees' attorney's fees are not operating expenses of the Property because they were not incurred to maintain or protect the Property or to enhance its value. The trial court erred in offsetting these fees against rents.

Defendants argue that the trial court did not err because defendants had an obligation to pursue this litigation as trustees of the two trusts and are therefore entitled to pay the legal expenses out of the trusts. It is beyond dispute that a trustee may recover from the trust estate all of its proper expenses, including reasonable attorney's fees and fees incurred in preserving and protecting trust property. *Anselmo v. Guasto*, 13 S.W.3d 650, 653 (Mo.App.1999). However, in this case the court did not award the fees out of the trust estate. Rather, it included the fees in the operating expenses of the Property, which was not trust property.

Defendants also argue that the trial court did not err because a court of equity can award attorney's fees to "balance the benefits." We disagree. The trial court did not attempt to award attorney's fees directly, and it could not have done so to "balance the benefits."

The concept of balancing the benefits is found in an exception to the "American Rule." This rule generally provides that, absent statutory authorization or contractual agreement, with few exceptions, each party must bear the expense of its own attorney's fees. *David Ranken, Jr. Tech.*

*Inst. v. Boykins,* 816 S.W.2d 189, 193 (Mo. banc 1991), *overruled on other grounds by Alumax Foils, Inc. v. City of St. Louis,* 939 S.W.2d 907, 911 (Mo. banc 1997); *66, Inc. v. Crestwood Commons Redev. Corp,* 130 S.W.3d 573, 594 (Mo.App.2003); *City of Cottleville v. St. Charles County,* 91 S.W.3d 148, 150 (Mo.App.2002).

 One of the exceptions to the "American Rule" is that attorney's fees may, on rare occasions, be recovered when a court of equity finds it necessary to balance benefits where very unusual circumstances have been shown. *Ranken,* 816 S.W.2d at 193; *66, Inc.,* 130 S.W.3d at 594; *Cottleville,* 91 S.W.3d at 150; *see also Mayor, Councilmen, & Citizens, Etc. v. Beard,* 636 S.W.2d 330, 331 (Mo. banc 1982). A quiet title action is not the type of very unusual case giving rise to an award of attorney's fees under this exception. *Chapman v. Lavy,* 20 S.W.3d 610, 614–15 (Mo.App.2000). "Such fees have more often been approved where paid out of a *res* and the litigation was designed to benefit the *res* or give direction to the management or distribution thereof." *Ranken,* 816 S.W.2d at 193 (citing *Bernheimer v. First Nat. Bank of Kansas City,* 359 Mo. 1119, 225 S.W.2d 745, 755 (1949)). This exception would have allowed an award of attorney's fees from the estate trust for litigation designed to benefit the trust. *See DCW Enterprises v. Terre du Lac Ass'n,* 953 S.W.2d 127, 132 (Mo.App. 1997); *Coates v. Coates,* 316 S.W.2d 875, 877–78 (Mo.App.1958). But, this exception would not have allowed an award to come from the rents that were not properly included in the trust assets.

Defendants last argue that "the accounts analyzed by the trial court were trust accounts in which rents were deposited." The fact that the rents were mistakenly deposited in the trust account does not mean that they are to be considered trust funds for the purpose of reimbursing the trustees for their attorney's fees.

The trial court erred in deducting defendants' attorney's fees defending this action from the calculation of net income. Rule 84.14 allows us to give such judgment "as the court ought to give." Accordingly, we modify the trial court's judgment to remove the deduction of attorney's fees from the calculation of net income, so that net income becomes $120,178.61 and that amount is the amount to be divided among the individual heirs according to their respective percentages. As so modified, the judgment of the trial court is affirmed.

Defendant's motion to remand to the trial court to consider newly discovered evidence is denied.