**Elaine KLINKERFUSS,**
**Plaintiff/Respondent/Cross–Appellant,**

v.

**William L. CRONIN,**
**Defendant/Appellant/Cross–Respondent,**

and

**Delores J. Cronin, Defendant.**

**Nos. ED 85926, ED 85985, ED 86141.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 11, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 17, 2006.

Application for Transfer Denied
Sept. 26, 2006.

Irl B. Baris, Baris Law Firm, St. Louis, MO, for cross-appellant.

Michael A. Gross, Joseph F. Yeckel, Law Offices of Michael A. Gross, St. Louis, MO, for cross-respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

In this consolidated appeal, both trustee and beneficiary appeal from a judgment awarding trustee's fees and allocating attorney's fees to trustee after a judgment had been entered in trustee's favor in beneficiary's action to remove trustee, to recover damages, and to obtain an accounting. The trial court entered a judgment in which it awarded trustee $14,284.64 in trustee's fees and allocated $21,052.00 of the attorney's fees incurred by trustee against beneficiary's share of the trust estate, but denied all other claims for relief. For her appeal, beneficiary claims that the trial court erred 1) in denying her motion to dismiss for lack of jurisdiction trustee's motions for award of trustee's fees and allocation of attorney's fees; 2) in awarding $14,284.64 as trustee's fees; 3) in allocating $21,052.00 of the attorney's fees against beneficiary's share of the trust estate; and 4) in taxing costs against beneficiary. In his appeal, trustee asserts that the trial court erred 1) in finding one law firm's fees were only $42,104.00 and in allocating only $21,052.00 of those fees against beneficiary's share of the trust estate, and 2) in denying trustee reimbursement for the attorney's fees of another attorney who represented him before and during trial in the removal and accounting action. Trustee also seeks attorney's fees on appeal. We affirm in part, reverse in part, and remand with directions.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 5, 1995, Erna Strawn executed a revocable living trust naming her adult daughters, plaintiff Elaine Klinkerfuss and defendant Delores Cronin, as the primary beneficiaries. Ms. Strawn named herself and her grandson, defendant William L. Cronin, as co-trustees. The trust provided that upon Ms. Strawn's death, disability, or incapacity, Mr. Cronin (hereinafter, trustee) would continue as sole trustee. The trust also provided that upon Ms. Strawn's death, if both primary beneficiaries were living, the trust assets were to be divided into two equal shares, each share of the principal to be distributed to the beneficiaries in the following manner: one third upon Ms. Strawn's death, one half on the fifth anniversary of her death, and the remainder on the tenth anniversary of her death. The trust also contained provisions that kept a share in trust if one of the primary beneficiaries died prior to final distribution of all of the principal, and that distributed both shares to descendants if both primary beneficiaries died before final distribution.

After Ms. Strawn's death on July 22, 1999, Ms. Klinkerfuss (hereinafter, beneficiary) notified trustee that she questioned whether the trust should continue to exist and that she intended to "break" the trust and have Mr. Cronin removed and her share of the trust terminated so she could have the property outright. Beneficiary's attorney also told trustee that they wanted to do away with the trust and sent trustee a letter asking him to consider terminating the trust.

Although he was an attorney and CPA, trustee concluded that he did not have the expertise to defend the trust against beneficiary's allegations or to prepare the trust tax returns and required accountings. Trustee decided that he needed to hire a law firm that specialized in this area and in other trust matters. On October 19, 1999,

trustee retained the law firm of Greensfelder, Hemker, and Gale, P.C. (Greensfelder) to represent him as trustee of the trust and personal representative of the estate. Greensfelder prepared accountings and tax returns for the trust, and it assisted in the administration of the trust. Greensfelder also represented trustee in communicating with beneficiary's attorney, who was proposing to have the trust terminated.

*Beneficiary's Removal Action*

On November 8, 2000, beneficiary filed a petition in the Circuit Court of St. Louis County for removal of trustee, money damages, and an accounting, naming trustee and Ms. Cronin as defendants. In the petition, beneficiary alleged that trustee had breached his fiduciary duty in performing his duties as trustee. She specifically alleged that trustee failed to file necessary and required tax returns, provide information to her, distribute quarterly income, provide an accounting, and act impartially. She further alleged that trustee committed waste. On December 11, 2000, William G. Jochens, a Greensfelder attorney, entered his appearance for trustee. On January 18, 2001, Greensfelder filed trustee's answer to beneficiary's petition. Greensfelder represented trustee at a settlement conference in July 2001, at which beneficiary's attorney proposed the possibility of terminating the trust if all parties agreed. Greensfelder concluded that trustee could not consent to a termination of the trust.

On October 5, 2001, trustee contacted Jan Adams, an attorney who was not associated with Greensfelder, because he believed there was a conflict of interest between the administration of the trust and the personal attacks on him and he should have separate representation to respond to the attacks made on him as trustee. On October 25, 2001, Ms. Adams filed an entry of appearance in the removal action on trustee's behalf, "individually." Prior to trial, Ms. Adams divided litigation responsibilities with Greensfelder. However, Ms. Adams was the sole attorney to take beneficiary's deposition on trustee's behalf. Ms. Adams was also the sole attorney representing trustee when he was deposed by beneficiary. Likewise, Ms. Adams was the sole attorney representing trustee at trial in April 2002. Greensfelder did not appear as counsel for trustee at these proceedings.

One of the issues at trial was beneficiary's claim that trustee had committed waste by incurring $59,200.00 in attorney's fees. To support this claim, beneficiary called Mr. Jochens to testify to Greensfelder's attorney's fees. Beneficiary also introduced evidence, in the form of a compilation of all of Greensfelder's invoices billed to the trust from October 19, 1999, through March 29, 2002, that Greensfelder's total fees for services rendered to the trust estate were $59,200.00. Mr. Jochens testified that $5,000.00 to $6,000.00 of the charges were for services relating to the probate estate. When he was cross-examined by trustee, Mr. Jochens testified that all of Greensfelder's fees appearing on the invoices were reasonable and necessary under the circumstances.

After beneficiary rested, trustee moved for judgment at the close of plaintiff's case, which the trial court granted. In its judgment, the trial court found that beneficiary's actions caused trustee to engage Greensfelder to represent the trust; that since the day of Ms. Strawn's death, beneficiary had attempted to have her interest in the trust settled upon her immediately, contrary to the trust provisions; that beneficiary had shown animosity toward trustee in her attempt to have the trust provisions relating to her terminated; that, consistent with Ms. Strawn's wishes, trus-

tee divided the personal property, sold the real property, and conservatively and prudently invested the trust assets; that trustee made timely accounting to beneficiary, properly prepared and filed all tax returns, acted impartially, prudently maintained the trust corpus, and had not committed waste; that the attorney's fees in this case were reasonable and necessary, and that the bulk of the attorney's fees involved were occasioned by beneficiary's actions in filing suit; that beneficiary filed the lawsuit for selfish reasons and not to protect the trust; and that beneficiary's actions were such that trustee was required to hire outside counsel, even though he was an attorney and CPA. The court concluded by entering judgment for trustee and against beneficiary, and taxed costs to beneficiary.

Beneficiary filed a motion to set aside, amend, and modify the judgment. At the hearing on this motion, Ms. Adams and Mr. Jochens appeared on behalf of trustee and both attorneys argued in support of the court's judgment. The trial court denied beneficiary's motion to set aside, amend, and modify the judgment, finding that beneficiary "was not a truthful witness and thus the Court was unable to give credit to her testimony."

*Beneficiary's Appeal of Removal Action*

Beneficiary appealed from the judgment against her in the removal action on the grounds that the evidence supported factual findings in her favor and that the court erroneously applied the law. We affirmed the trial court's judgment by order with a supplemental memorandum. *Klinkerfuss v. Cronin,* 120 S.W.3d 758 (Mo.App.2003). In our supplemental memorandum, we held that it was within the trial court's discretion to find that beneficiary's actions caused trustee to retain Greensfelder to assist him with the controversies arising from his interaction with beneficiary, and

that Greensfelder's legal bill of approximately $60,000.00 was reasonable and did not constitute waste.

*Trustee's Motions for Trustee's Fees and Attorney's Fees*

On June 7, 2004, trustee sent both beneficiaries a copy of the most recent accounting, the judgments of the trial court, and the opinion of this court, along with a cover memorandum reporting on the deadline for the second distribution of assets and the results of the litigation. Trustee further advised that because litigation was complete, he had decided to dismiss Greensfelder.

Trustee subsequently filed a motion for trustee's fees and a motion for allocation of attorney's fees. In his motion for trustee's fees, trustee sought an award of trustee's fees in the amount of $14,284.64, which he calculated using the lowest institutional rate on record of one quarter of one percent per quarter for assets handled in each quarter. In his motion for allocation of attorney's fees and supporting memorandum and affidavits, he sought an award of all attorney's fees related to the litigation to be allocated exclusively against beneficiary's share of the trust estate. He specifically requested $42,104.00, representing Greensfelder's fees attributable to the litigation, and $33,616.00, representing Ms. Adams' fees as lead counsel in the litigation, for a total of $75,720.00 in attorney's fees. In his supporting affidavit, Attorney Kenneth C. Buren, a former Greensfelder attorney, averred that he was familiar with the facts in beneficiary's removal action, that he was familiar with the billing practices and methods of Greensfelder, that he had reviewed Greensfelder's invoices associated with the removal action, that $42,104.31 of Greensfelder's fees were a direct result of the litigation, and that the remainder of the fees were the result of beneficiary's requests for accounting and

ordinary trust administration costs. Ms. Adams attached her itemized bill for legal services in the total amount of $33,616.00 to her affidavit. She attested that her bill for legal services and costs rendered to trustee was true and correct, that her hourly rate of $150.00 was reasonable, customary, and necessary, and that the bill was limited to charges that trustee believed should be allocated to beneficiary.

At the hearing on trustee's motions, Ms. Adams appeared on behalf of trustee. The trial court announced that it had taken judicial notice of the file in beneficiary's removal action.

Trustee called Mr. Buren, who testified that he had specialized in trusts and estates and estate planning for the past seven years, that he had been practicing with a private firm for the past three years, and that prior to practicing with that firm, he had been an associate at Greensfelder where he had worked extensively on beneficiary's removal action from August 1, 2000, through August 31, 2001. Trustee had recently retained Mr. Buren to advise him on legal matters pertaining to the trust. Mr. Buren testified to the accuracy of his sworn affidavit, and explained that he had reviewed the compilation of all of Greensfelder's invoices billed to the trust and was able to extrapolate from those invoices the amount of fees that was attributable to the controversy with beneficiary.

Mr. Buren also testified that he had reviewed Ms. Adams' statement of itemized billing, that Ms. Adams' hourly rate of $150 was reasonable and customary, that Ms. Adams' total charges for her legal services on the statement were $33,616.00, and that the services itemized on the statement were necessary to defend the trust and trustee.

Mr. Buren testified that he had reviewed the motion for trustee's fees and trustee's reimbursement request, and he concluded that the time spent and the fees requested were customary and necessary and that, to his knowledge, trustee had performed the work. He further testified that trustee's calculation based on the rate of one quarter of one percent of the assets in the trust was accurate and resulted in a fee of $14,248.64. He testified that the fee was reasonable based on his review of trustee's claim, the time trustee spent dealing with the trust, of which Mr. Buren had personal knowledge, and what similar trustees would charge. Mr. Buren also testified that most trustees charge a fee based on a percentage of the assets under management.

After trustee rested, beneficiary called Ms. Adams as her witness. Ms. Adams testified that she had billed trustee, as trustee of the trust, approximately $33,000.00, and trustee had paid the fees. She admitted that during her argument at the hearing on beneficiary's motion to set aside, amend and modify the judgment in the removal action, she had said that she represented trustee "personally," she did not represent the trust, and she did not represent trustee in his capacity as trustee. However, she added that it was in trustee's capacity as trustee that he was being attacked "so you can't separate those two."

On November 29, 2004, the court entered its judgment, order and decree. The court found that it had jurisdiction over trustee's motions and denied beneficiary's motion to dismiss on this ground. The court also found that trustee was entitled to trustee's fees in the amount of $14,284.64; that Greensfelder's fees in the amount of $42,104.00 were "reasonable and necessary," and that half of that fee, $21,052.00, was occasioned by beneficiary's actions and should be charged against her portion of the trust estate; and that Ms. Adams' attorney's fees were for the per-

sonal representation of trustee and not in his capacity as trustee, and those fees should not be charged against the trust or allocated against beneficiary's share of the trust estate. The court taxed all costs to beneficiary.

On February 22, 2005, Ms. Adams formally withdrew from the case. Trustee filed a motion to amend the judgment, and beneficiary filed a motion to set aside, amend, and modify the judgment. The trial court denied these motions. Both parties have appealed from the trial court's judgment.

## DISCUSSION

## BENEFICIARY'S APPEAL

I. *Jurisdiction*

In her first point, beneficiary contends that the trial court erred in denying her motion to dismiss trustee's motions for trustee's fees and allocation of attorney's fees because the court no longer had jurisdiction over the matter. Beneficiary claims that trustee's motions were not timely filed because the court had previously denied trustee's request for fees in beneficiary's removal action, and trustee did not appeal that denial.

■ Beneficiary's argument rests on the faulty premise that trustee requested an award of attorney's fees at the trial on beneficiary's removal action and that the trial court denied that request. The record is clear that trustee never filed a fee request in that action and the trial court did not deny a fee request.[1] In its judgment in beneficiary's removal action, the trial court did not deny or award trustee's fees or attorney's fees. Further, at the

subsequent hearing on trustee's motion for trustee's fees, the trial court stated on the record that trustee had not requested fees and the trial court had not refused fees in the removal action.

Beneficiary's jurisdictional attack has no factual support in the record. Point one is denied.

## II. *Trustee's Fees/Attorney's Fees*

In her second point, beneficiary contends that the trial court erred in awarding $14,284.64 to trustee for trustee's fees and in allocating $21,052.00 in attorney's fees against beneficiary's share of the trust estate because "1) the evidence at the hearing did not establish the amount of any such fees, and 2) Mr. Buren should not have been permitted to express expert opinions on the subject."

■ This point contains multiple claims of error because it challenges three separate trial court actions, the award of $14,284.64 to trustee for trustee's fees, the allocation of $21,052.00 in attorney's fees against beneficiary's share of the trust estate, and the admission of Mr. Buren's testimony. Beneficiary's claims should have been set out in three separate points. *Thummel v. King*, 570 S.W.2d 679, 688 (Mo. banc 1978); *In re Marriage of Cohen*, 884 S.W.2d 35, 37 n. 1 (Mo.App.1994). Moreover, the legal reasons for these claims of error are unclear. Points that are vague and ill-defined do not comply with Rule 84.04(d). *Eddington v. Cova*, 118 S.W.3d 678, 681 (Mo.App.2003). Nevertheless, we have elected to review the arguments under this point that relate to

---

1. Trustee did make an attempt to put on evidence of trustee's fees during beneficiary's removal action. However, beneficiary objected to the introduction of this evidence on the ground that the evidence was irrelevant because "there's no application before the Court," and the court sustained the objection.

these three claims of error to determine if any have merit.[2]

### A. Award of Trustee's Fees

■ In the argument portion of the brief, beneficiary argues that insufficient evidence supports the award of trustee's fees because, aside from some documents, the sole witness to testify to those fees, Mr. Buren, offered vague testimony. In support of this argument, beneficiary cites only Mr. Buren's testimony in response to beneficiary's questions on cross-examination, in which beneficiary was questioning Mr. Buren about the decline in assets under management, a collateral matter. On direct examination, Mr. Buren clearly testified to the rate used to calculate the fee requested and the accuracy of the calculation. The underlying exhibits were in evidence. Substantial evidence supported the award of trustee's fees in the amount of $14,284.64.

### B. Allocation of Attorney's Fees

■ The argument portion of beneficiary's brief does not discuss why the trial court's $21,052.00 allocation of the attorney's fee award against her share of the trust estate was erroneous. It does not even refer to the allocation of this amount, except to state that the court ordered it. Because this argument is so undeveloped, we consider it abandoned. *Lemay v. Hardin*, 108 S.W.3d 705, 709 (Mo.App.2003).

### C. Admissibility of Mr. Buren's Testimony

■ In the argument portion of the brief, beneficiary argues Mr. Buren should not have been permitted to express an expert opinion on a matter that was the ultimate issue to be decided by the court. She also argues that Mr. Buren's status as an attorney and his brief employment at Greensfelder did not qualify him as an expert. Beneficiary does not support any of these arguments with any legal authority or analysis beyond these bare conclusions; accordingly, we deem them abandoned. *Beatty v. State Tax Com'n*, 912 S.W.2d 492, 498–99 (Mo. banc 1995); *Coleman v. Gilyard*, 969 S.W.2d 271, 274 (Mo. App.1998); *Estate of Dean v. Morris*, 963 S.W.2d 461, 466 (Mo.App.1998).

■ Further, the claim that a court cannot allow an attorney to testify as an expert on fees in a court-tried case has no merit. A court is an expert on the subject of attorney's fees and is not bound by expert testimony on legal fees; however, a court has discretion to hear expert testimony on attorney's fees because such testimony can be advisory and helpful. *Arnett v. Johnson*, 689 S.W.2d 836, 838 (Mo. App.1985); *Sluggett v. Phillips*, 178 S.W.2d 458, 462 (Mo.App.1944). Here, consistent with these principles, the trial court heard Mr. Buren's testimony, but specifically advised the parties at the hearing on trustee's motions that it was not bound by the testimony because it was, itself, an expert in the area of attorney's fees. Point two is denied.

### III. Costs

In her final point, beneficiary contends that the trial court erred in taxing costs against her as a matter of law because trustee was not the prevailing party. This point also has no merit.

---

**2.** Beneficiary devotes a section of her argument under this point to the trial court's failure to draw an adverse inference and devotes another section to the sufficiency of the evidence supporting Greensfelder's $42,000.00 fee. Since these errors were not included in the point relied on, they are not reviewable. *Real Estate Investors v. Am. Design Group*, 46 S.W.3d 51, 59 (Mo.App.2001).

Rule 77.01 allows the prevailing party in a civil action to recover costs against the other party, unless otherwise provided in the civil rules or by law. Rule 77.01; Section 514.060 RSMo (2000). In addition, a trial court has discretion to award all costs to a plaintiff in a multi-count petition if the plaintiff has prevailed on some, but not all, of his or her claims. *Jerry Bennett Masonry v. Crossland Const.*, 171 S.W.3d 81, 98 (Mo.App.2005). Trustee was the prevailing party on all of beneficiary's claims. Trustee prevailed on substantially all of his claims in the trial court and, as a result of this appeal, has prevailed on all of his claims. The trial court did not abuse its discretion in taxing all costs against beneficiary. Point three is denied.

## TRUSTEE'S APPEAL

I. *Allocation of Greensfelder's Attorney's Fees Against Beneficiary's Share of Trust Estate*

In his first three points, trustee contends that the trial court erred in finding Greensfelder's fees to be $42,104.00 and in allocating only $21,052.00 of Greensfelder's attorney's fees to beneficiary's share of the trust estate because these findings were "irreconcilable" with the findings and judgment in beneficiary's removal action. Trustee argues that the judgment in the removal action had established Greensfelder's fees to be $59,000.00, that these fees were reasonable and necessary, and that the "bulk" of those fees were occasioned by the actions of beneficiary, and that the trial court's finding that Greensfelder's reasonable fees were $42,104.00 conflicted with the findings in the removal action.

In the removal action, the trial court found that none of beneficiary's claims against trustee had any merit and that beneficiary had filed the lawsuit for selfish reasons and not to protect the trust. In this situation, the trial court properly allocated the expense of litigation against beneficiary's share of the trust estate. If a beneficiary litigates questions capriciously or without reason "or if the conduct of a party is vexatious and litigious, or if he raises improper points, or in any way creates unnecessary delay or expense, the court will not only refuse him costs and counsel fees but will order him to pay costs." *Coates v. Coates*, 316 S.W.2d 875, 878 (Mo.App.1958); *Webbe v. First Nat. Bank and Trust Co.*, 139 Ill.App.3d 806, 93 Ill.Dec. 886, 487 N.E.2d 711, 714 (1985). "[W]hen one of several beneficiaries brings essentially groundless and unsuccessful litigation against a trustee the purpose of which was to benefit only himself, no reason suggests itself why the other beneficiaries, who did not join with him, sought no relief and had no voice in the conduct of the case, should share the expense with the initiating beneficiary." *Webbe*, 93 Ill. Dec. 886, 487 N.E.2d at 714. *See also Boston Safe Deposit and Trust Company v. Stone*, 348 Mass. 345, 203 N.E.2d 547, 554 (1965); GEORGE GLEASON BOGERT AND GEORGE TAYLOR BOGERT, THE LAW OF TRUSTS AND TRUSTEES, section 525, p. 46 (Rev.2d ed.1993).

Trustee challenges the amount of fees that were allocated. Trustee claims the trial court erred in determining that Greensfelder's fees in the amount of $42,104.00 were reasonable and necessary, and in allocating only $21,052.00 against beneficiary's share of the trust estate.

In the removal action, beneficiary introduced evidence that, as of April 1, 2002, Greensfelder had billed trustee $59,200.00 for representing the trust, and she argued that trustee committed waste by incurring a bill in this amount. Trustee adduced evidence of the reasonableness and necessity of this amount and that the

amount beneficiary was claiming as "waste" was caused by her actions. In its judgment, the trial court found that the attorney's fees "[i]n this cause were reasonable and necessary," and that "the bulk" of the attorney's fees was caused by beneficiary filing suit. In our memorandum affirming this judgment, we found that trustee did not commit waste by incurring a legal bill of approximately $60,000.00 for Greensfelder's services and upheld the trial court's finding that the fees were reasonable.

In his motion for allocation of attorney's fees and supporting memorandum and affidavits, trustee sought all attorney's fees related to the litigation to be allocated against beneficiary's share of the trust estate. In support of the motion, Mr. Buren filed an affidavit in which he attested that he had reviewed all of Greensfelder's invoices to trustee, and concluded:

> A review of the invoices and pre-bills indicates that fees that are a direct result of the above referenced controversy total $42,104.31. The remainder of the fees billed by the Greensfelder bills are a result of the requests for accounting by the petitioner and normal trust administration costs.

At the hearing on trustee's motions, Mr. Buren testified that the $42,104.31 figure was based on an analysis of Greensfelder's invoices in evidence at the trial in the removal action and additional invoices for services rendered after that exhibit was prepared. Counsel for beneficiary cross-examined Mr. Buren on the reasons he did or did not attribute various legal services to the lawsuit.

In its judgment on trustee's motions, the trial court found: "The record reflects, and the Court finds, that the fees of Greens-

felder in the amount of $42,104.00 were reasonable and necessary[.]" Trustee argues that this finding is irreconcilable with the court's other findings. If the trial court meant this to be a finding on all of Greensfelder's fees, it appears to be inconsistent with its previous finding, which had become the law of the case, that all of Greensfelder's fees in evidence, which totaled $59,200.00, were reasonable and necessary. On the other hand, if the trial court was limiting its consideration to the amount requested to be allocated, $42,104.00, it appears to be inconsistent for the court to find this amount reasonable and necessary, but not allocate all of it against beneficiary's share of the trust estate.

 "We will not speculate on what grounds the trial court ruled by sifting through findings that are inconsistent and ambiguous." *In re Marriage of Maninger*, 106 S.W.3d 4, 12 (Mo.App.2003). If a judgment that is based on inconsistent and ambiguous findings does not allow for adequate appellate review, the judgment must be reversed and remanded. *Id.; Burton v. Donahue*, 959 S.W.2d 946, 948 (Mo.App. 1998). Trustee has shown sufficient ambiguity for us to reverse and remand that part of the judgment allocating $21,052.00 against beneficiary's share of the trust estate.

On remand, the trial court should first take the $59,000.00 in Greensfelder's fees that it has already determined to be reasonable and necessary, and then determine how much of that amount is attributable to the litigation. We emphasize that the trial court has broad discretion to determine this amount,[3] as long as the findings make clear that the court recognizes that a total

---

**3.** We do not believe that the trial court's prior finding, that the "bulk" of the fees was caused by beneficiary's litigation, requires any partic-ular fee award because the exact amount of fees caused by beneficiary was not an issue in the removal action.

of $59,000.00 has already been found necessary and reasonable, and it proceeds from that basis with its analysis.

## II. *Ms. Adams' Attorney's Fees*

For his final point, trustee asserts that the trial court erred when it did not reimburse him for Ms. Adams' attorney's fees. Trustee contends that the trust is responsible for attorney's fees incurred in the defense of the trust or of the trustee, Ms. Adams was representing him in beneficiary's removal action, he did not act in bad faith, and Ms. Adams successfully defended the lawsuit. Trustee claims the disallowance of Ms. Adams' attorney's fees out of the trust estate unjustly compels him to bear the fees personally.

The trial court found that Ms. Adams' fees were for the "personal representation of William Cronin and not in his capacity as Trustee," and therefore, were not chargeable to the trust and could not be allocated against beneficiary's share of the trust estate. It appears this finding was based on Ms. Adams' statements to the court in response to beneficiary's motion to set aside, amend and modify the judgment in the removal action. In that motion, beneficiary had made a new claim that trustee had committed waste by continuing to engage Greensfelder when Ms. Adams was representing trustee. At the hearing on beneficiary's motion, Ms. Adams responded to this claim by stating she was representing trustee "personally," and did not represent the trust or trustee in his capacity as trustee.

■■■■ Ms. Adams' mischaracterization does not preclude trustee from being reimbursed for her fees. First, Ms. Adams' statements were made in response to an argument that was irrelevant to the motion to set aside the judgment because it was not an issue at trial, and thus, the statements were superfluous to any issue then properly before the court. Next, it is clear that in her attempt to distinguish her litigation services from Greensfelder's trust administration services, Ms. Adams misspoke. It is a matter of record that trustee had not been sued as an individual and had been sued only in his capacity as trustee, and although Greensfelder remained attorney of record, Ms. Adams alone represented trustee during depositions and at trial. "[I]mprovident or erroneous statements or admissions resulting from unguarded expressions or mistake should not be binding on the client." *Kansas City v. Martin*, 391 S.W.2d 608, 615 (Mo.App.1965). Last, to the extent that Ms. Adams' statements constituted her mistaken legal interpretation of her role, "neither the client nor the court is bound by the attorney's statements or admission as to matters of law or legal conclusions." *Id.* As explained in the remainder of this discussion, because Ms. Adams' fees were incurred in defending trustee's administration of the trust in beneficiary's removal action, trustee was entitled to reimbursement.

■■■■ Under the "American Rule," absent statutory authorization or contractual agreement, with few exceptions, each party bears the expense of his or her own attorney's fees. *Schindler v. Pepple*, 158 S.W.3d 784, 786 (Mo.App.2005). One of the exceptions to the "American Rule" is that attorney's fees may be awarded to a successful litigant where special or very unusual circumstances exist so it may be said that equity demands a balance of benefits. *Id.* at 787. These special or unusual circumstances include the "*Bernheimer* exception," which allows attorney's fees to be awarded from a trust estate for litigation resolving questions important to the administration of the trust, or for the benefit of the trust. *Id.; Washington Univ. v. Royal Crown Bottling*, 801 S.W.2d 458, 468

(Mo.App.1990) (citing *Bernheimer v. First Nat. Bank of Kansas City,* 359 Mo. 1119, 225 S.W.2d 745 (1949)). "It is beyond dispute that a trustee may recover from the trust estate all of its proper expenses, including reasonable attorney's fees and fees incurred in preserving and protecting trust property." *Schindler,* 158 S.W.3d at 786 (citing *Anselmo v. Guasto,* 13 S.W.3d 650, 653 (Mo.App.1999)).

As a general rule, a trustee is entitled to recover from the trust estate all of his or her proper expenses, including reasonable attorney's fees and fees incurred for the security, protection, and preservation of the trust property, or for the prevention of a failure of the trust. *St. Louis Union Trust Company v. Conant,* 499 S.W.2d 761, 769 (Mo.1973); *Anselmo,* 13 S.W.3d at 653–54. A trustee must take all reasonable action to uphold the validity of the trust and to preserve the trust assets. *Anselmo,* 13 S.W.3d at 653. Further, a trustee is required to defend suits that will invalidate a trust or reduce its scope. *Id.* If a trustee defends the trust or the trust estate, a court is authorized to order payment of the trustee's expenses. *Id.* "A trustee who defends an action for the benefit of the trust, including to prevent the failure of the trust, may, with propriety, incur such costs, the expense of an attorney included, as are reasonable for the purpose and is entitled to be reimbursed from the trust estate." *Id.* at 653–54.

It is well-established that the good faith defense of a lawsuit to remove a trustee falls within the ambit of actions that uphold the trust and preserve the trust property. "Where the beneficiaries bring a proceeding for the removal of the trustee, the trustee can properly charge the estate with the expense of defending the proceeding." III Austin Wakeman Scott and William Franklin Fratcher,

The Law of Trusts, section 188.4, p. 65 (4th ed.1988). That text quotes *Jessup v. Smith,* 223 N.Y. 203, 119 N.E. 403, 404 (1918), in which Judge Cardozo said of the trustee:

He owed a duty to the estate to stand his ground against unjust attack. He resisted an attempt to wrest the administration of the trust from one selected by the testator and to place it in strange hands.... Plainly, such services, if paid for by the trustee personally, would justify reimbursement on his accounting before the surrogate.

*See also Willson v. Whitehead,* 181 Va. 960, 27 S.E.2d 213, 216 (1943). In *Weidlich v. Comley,* 267 F.2d 133, 134 (2d Cir. 1959), Judge Learned Hand applied *Jessup:*

... [T]he plaintiff's first complaint is the allowance to the defendant out of the trust assets of his expenses in defending himself in the action. The argument is that these expenses were incurred in the defendant's individual interest, and may not be charged against the trust. That completely misses the true situation: a trustee was appointed to administer the assets; the settlor selected him to do so, and whatever interferes with his discharge of his duty *pro tanto* defeats the settlor's purpose. When the trustee's administration of the assets is unjustifiably assailed it is a part of his duty to defend himself, for in so doing he is realizing the settlor's purpose. To compel him to bear the expense of an unsuccessful attack would be to diminish the compensation to which he is entitled and which was a part of the inducement to his acceptance of the burden of his duties. This has been uniformly the ruling, so far as we have found.

In *American Cancer Soc. v. Hammerstein,* 631 S.W.2d 858, 865 (Mo.App.1981), we reversed and remanded a trial court

judgment that found that a trustee had improperly terminated a trust and that the trustee should be removed. We held that the trustee was properly acting within his powers in terminating the trust, that there was no basis for removing him as trustee, and that he was entitled to an award from the trust assets for his reasonable attorney's fees and expenses. *Id. In Jarvis v. Boatmen's National Bank of St. Louis,* 478 S.W.2d 266, 277 (Mo.1972), we upheld a judgment in a trustee's favor on claims alleging trustee misconduct and breach of trust, and seeking removal. We held a trustee who successfully defends such claims is entitled to reasonable fees from the trust. *Id.*

▮▮▮▮ "A trustee is entitled to reasonable attorneys' fees, to be paid out of the trust estate, incurred in good faith in defending his administration of the trust." *In re Trust Created under Will of Freeman,* 247 Minn. 50, 75 N.W.2d 906, 910 (1956). "[A] successful defense by a trustee against an effort to remove him as trustee is a defense on behalf of the trust estate itself." *Saulsbury v. Denton National Bank,* 25 Md.App. 669, 335 A.2d 199, 201 (1975). "If the attempt to remove the trustee fails, it is proper to order payment of costs out of the trust estate." BOGERT, *supra,* section 525, p. 46. A trustee who has a good faith basis for opposing his or her removal and who prevails is entitled to recover attorney's fees and costs from the trust estate. *Cooper v. Brodie,* 253 Va. 38, 480 S.E.2d 101, 104 (1997).

> The reason involved in the rule is this: trustees have no beneficial interest in the trust property. They hold it for the accommodation and benefit of others. If they perform their duties faithfully, and are guilty of no unjust, improper, or oppressive conduct, they ought not in justice and good conscience to be put to

any expense out of their own moneys. If, therefore, they are brought before the court without blame on their part, they should be reimbursed all the expenses that they incur, and allowed their costs as between solicitor and client for this purpose.

II JAIRUS WARE PERRY, A TREATISE ON THE LAW OF TRUSTS AND TRUSTEES, section 894, pp. 1515–16 (7th ed.1929).

▮▮▮▮ The situation in which a trustee is not entitled to recover attorney's fees arises when the legal services performed for the trustee are personal to the trustee and have nothing to do with the preservation of the trust. *Conant,* 499 S.W.2d at 769. In *Conant,* the attorney's services related solely to the trustee's potential liability in the event the trustee entered into and participated in a proposed plan to partially destroy the trust. *Id.*

In contrast, in this case, beneficiary sued trustee solely in his capacity as trustee, seeking his removal for breach of fiduciary duty. Trustee owed a duty to the trust to resist the unjust attempt to take the administration of the trust from the person selected by Ms. Strawn. *Jessup,* 119 N.E. at 404; *Willson,* 27 S.E.2d at 216. He also owed a duty to the contingent beneficiaries to preserve the trust. *In re McGuire Marital Trust,* 260 Wis.2d 815, 660 N.W.2d 308, 313 (2003). Under all of the above authorities, Ms. Adams' services defending trustee in the removal action were not personal to the trustee, but rather were to defend against beneficiary's attempt to remove trustee, and thereby preserve the trust. Accordingly, trustee was entitled to reimbursement for Ms. Adams' attorney's fees.

▮▮▮▮ This brings us to trustee's remaining claim that Ms. Adams' fee should be allocated against beneficiary's share of the

trust estate. If an attempt to remove a trustee appears malicious and some of the beneficiaries have not taken part in it, the court may compel the beneficiaries who brought the suit to pay the attorney's fees personally. BOGERT, *supra*, section 525, p. 47. *See also* 90A C.J.S. *Trusts*, section 653 (2002). As we explained in our discussion of the allocation of Greensfelder's fees, the court may allocate the reasonable amount of Ms. Adams' fees that was caused by beneficiary's vexatious litigation against beneficiary's share of the trust. *See Coates*, 316 S.W.2d at 878; *Webbe*, 93 Ill.Dec. 886, 487 N.E.2d at 714; *Boston Safe*, 203 N.E.2d at 554; BOGERT, *supra*, section 525, p. 46. Point four is granted.

## MOTION FOR ATTORNEY'S FEES ON APPEAL

Prior to submission, trustee filed a verified motion for an award of attorney's fees on appeal. Trustee is entitled to reasonable fees for services rendered on appeal. *See Columbia Union Nat. Bank & Trust v. Bundschu*, 641 S.W.2d 864, 879–80 (Mo.App.1982). Because the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee requested, on remand, the trial court should conduct a hearing to determine the reasonableness of the attorney's fees and expenses requested on appeal. *Vogel v. Mercantile Trust Company National Ass'n*, 511 S.W.2d 784, 789–90 (Mo.1974). Trustee has also requested that these fees be allocated against beneficiary's share of the trust estate. This appeal represents a continuation of beneficiary's groundless and unsuccessful litigation against trustee, with the sole purpose of benefiting benefi-

ciary. The trial court is instructed to allocate the amount of reasonable attorney's fees and expenses on appeal against beneficiary's share of the trust estate.

*Conclusion*

The judgment of the trial court allocating $21,052.00 against beneficiary's share of the trust estate is reversed and remanded with directions to determine the reasonable amount of Greensfelder's total attorney's fees that was caused by beneficiary's vexatious litigation, and allocate that amount against beneficiary's share of the trust estate. The judgment of the trial court denying trustee reimbursement for Ms. Adams' fees is reversed and remanded with directions to determine the reasonable amount of Ms. Adams' fees that were caused by beneficiary's vexatious litigation and allocate that amount against beneficiary's share of the trust estate. On remand, the trial court shall also conduct a hearing to determine the reasonable amount of attorney's fees on appeal and allocate that amount against beneficiary's share of the trust estate. In all other respects, the judgment is affirmed.[4]

LAWRENCE E. MOONEY and BOOKER T. SHAW, JJ., concur.

---

4. Beneficiary's motions to strike and dismiss appeals are denied. Trustee's motion to take judicial notice of the court's file in beneficiary's removal action is granted.