Kimberly Lynn NICHOLS, Kerri Hanna and Kelly Lynn Donaldson, Plaintiffs/Appellants,

v.

Joseph L. DONALDSON, Individually and as Trustee of the Walter R. Donaldson Revocable Trust, Defendant/Respondent.

No. ED 94481.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 28, 2010.

Thomas M. Schneider, Columbia, MO, for Plaintiffs/Appellants.

Bradford A. Brett, Mexico, MO, for Defendant/Respondent.

SHERRI B. SULLIVAN, P.J.

*Introduction*

Kimberly Lynn Nichols, Kerri Hanna and Kelly Lynn Donaldson (collectively Appellants) appeal from the trial court's judgment awarding Joseph L. Donaldson (Respondent) $49,765.66 on their petition for partition and account and on Respondent's counterclaim for quantum meruit. We reverse and remand.

*Factual and Procedural Background*

On March 23, 1992, Walter Donaldson (Donaldson) established the Walter R. Donaldson Revocable Trust (Trust), which he amended on July 28, 1998. The primary assets in the Trust were three noncontiguous tracts of land comprising Donaldson's 350–acre farm. The Trust named Respondent, Donaldson's son, as successor trustee upon Donaldson's death. Donaldson died on April 11, 2003.

The Trust provided that upon Donaldson's death Respondent, as Trustee, was to divide the principal of the Trust into two equal shares, one in favor of Respondent and the other in favor of Appellants, who are Donaldson's grandchildren and Respondent's nieces. The Trust contained an option for Respondent to buy out Appellants' share of the Trust by executing and delivering a promissory note for $125,000 in favor of Appellants' share within 60 days of Donaldson's death. Respondent did not exercise this option.

On November 15, 2007, Appellants filed a petition against Respondent, individually and as Trustee, alleging Respondent failed to distribute to Appellants their 50 percent interest in the Trust real estate following Donaldson's death. Appellants sought partition of the Trust real estate in kind, an accounting, and removal of Respondent as Trustee.

On December 12, 2007, Respondent filed his answer to the petition which included a counterclaim for quantum meruit alleging that Respondent performed valuable services and made material improvements to the Trust property that "greatly benefited all beneficiaries of the [Trust]" for which he has not received compensation or reimbursement. Respondent requested a judgment against Appellants, the Trust, or the beneficiaries of the Trust which would "fairly and adequately compensate [Respondent], for his valuable and beneficial services provided to the Trust[.]"

At trial, Respondent testified that on April 4, 2003, he borrowed $182,000 from Mid America Mortgage using the Trust property as collateral. Although Donaldson was still alive at the time of the closing, Respondent signed the deed of trust for the mortgage as the Trustee. Donaldson and Appellants did not know that Respondent mortgaged the Trust property. Donaldson died seven days later.

Respondent testified that he used the proceeds from the loan to pay off debts and expenses he had incurred in farming the Trust property prior to 2003 and in operating a trucking business, including debts for farm and trucking equipment owned by him, county taxes, and supplies. Respondent testified that he and Donaldson had a verbal agreement between 1988 and 2002 that Respondent would farm the Trust property and would pay all of the taxes, upkeep, and expenses of the farming operation. During this period, Respondent did not pay any rent to Donaldson for use of the land and kept all of the income from the farming operation. Respondent agreed that the fair rental value of the farm was approximately $30,000 per year during the years that he farmed the property.

Following Donaldson's death, Respondent did not distribute the Trust property

and instead rented out the farmland to a third party, Dennis Isgrig (Isgrig), for $30,000 per year, totaling $210,000 between 2003 and February 2009. Isgrig paid the rent directly to Respondent for five years, some of which Respondent then used to pay the mortgage to Mid America Mortgage. Isgrig's 2008 and 2009 payments were paid directly to Mid America Mortgage where the money was held in an escrow account from which the monthly mortgage payments were paid. The outstanding balance on the mortgage at the time of trial was approximately $149,000. None of the rent from Isgrig was paid to Appellants.

James Wright (Wright), a real estate appraiser, inspected and appraised the three parcels. Wright testified that Tract 1 is comprised of 120 acres with a house and has a value of $432,000. Tract 2 consists of 159 acres with a house, a barn and other improvements, and has a value of $636,000. Tract 3 consists of 70 acres, has no structures, and has a value of $210,000.

Respondent testified that Judy Donaldson, Appellants' mother, has lived in the house on Tract 1 without paying rent since before 1985. Respondent has lived in the house on Tract 2 without paying rent to the Trust since Donaldson's death. Respondent stated that the fair rental value of the house on Tract 2 is approximately $300 to $400 per month.

Respondent testified that he performed work on all the tracts after Donaldson died. Respondent removed fences, cleared brush, added waterways, performed dirt work, removed junk, and repaired and maintained the houses. Respondent performed the work himself, using his own equipment, and has not received compensation for any of the work. Respondent testified that this work enhanced the value of the tracts for "all of the owners."

The trial court entered judgments on August 12, 2009; January 11, 2010; and February 16, 2010. The court ordered, based on the report of the appointed Commissioners, that the Trust property be divided in kind with Respondent receiving Tract 2 (159 acres) and Appellants receiving Tracts 1 (120 acres) and 3 (70 acres). Using Wrights' appraisal, the court found that the land received by Appellants was worth $6,000 more than the land received by Respondent.

The court found that the $182,000 loan Respondent received from Mid America Mortgage, for which he used the Trust property as collateral, was solely a personal loan to Respondent and none of the proceeds were used for the purpose or benefit of the Trust. Since it was a personal loan, the court rejected Respondent's request for $55,537.85 in interest and principal payments he made on the loan. The court found that Respondent was obligated to indemnify and hold Appellants harmless from any loss or expenses in connection with that loan. The court held that Respondent was obligated to pay the Trust $16,800 in back rent to compensate for living rent-free in a house on the Trust property for four years. The court disallowed Respondent's request for utilities in the amount of $7,804.25 since those were for his personal use while living in a house owned by the Trust.

The court also disallowed Respondent's request for $30,980 for the undepreciated value of improvements he made to the Trust farms prior to Donaldson's death since Respondent farmed the Trust land rent-free from 1990 through 2002 and the fair rental value of the farms during that period greatly exceeded the claimed improvement costs. The court allowed Respondent's other reimbursement requests, including his claims for post–2002 improvements; uncompensated personal labor; re-

pairs and maintenance; real estate taxes; insurance; and diesel fuel in the total amount of $187,259.81.

The court found that Respondent personally, or his mortgagee on his behalf, received $210,000 in cash rent from Isgrig belonging to the Trust. The court held that Appellants were entitled to one-half of the $210,000 rent payments and 9 percent prejudgment interest from February 1, 2003 to August 1, 2009, totaling $29,025.

The court found that Respondent had breached his duty as Trustee by failing to distribute one-half of the corpus of the Trust to Appellants as required and by his personal use of the Trust assets, including keeping the cash rent and living on the property rent-free. Based on Respondent's breach of his duties, the court held that an award of Appellants' attorney's fees and litigation expenses was appropriate under Section 456.10–1004 RSMo 2006.

In its accounting, the court held that Respondent was entitled to receive $105,000 for one-half of the rental payments paid by Isgrig; $8,400 for one-half of the rental value of the house occupied by Appellants' mother; $6,000 for the difference in the appraised value of the three tracts; and $187,259.81 as reimbursement for uncompensated labor and expenses. The court held that the total amount owed Respondent was $201,659.81.

The court found that Appellants were entitled to $105,000 for one-half of Isgrig's rental payments, plus $29,015 for interest on one-half of the cash rent. In addition, Appellants were entitled to $8,400 for one-half of the fair rental value of the house in which Respondent lived and for attorney fees in the amount of $9,769.15. The court found that the total amount owed to Appellants was $152,184.15. After setting off these amounts, the court held that Appellants were jointly and severally liable to

Respondent for $49,765.66. This appeal follows.

## Point on Appeal

On appeal, Appellants argue the trial court erred in entering a monetary award in favor of Respondent and against Appellants in the amount of $49,765.66 because it is unsupported by competent and substantial evidence, is against the weight of the evidence and/or is the result of a misapplication of the law to the facts herein, in that in rendering its trust accounting, the trial court failed to apply the debits and credits on a consistent basis. Specifically, Appellants contend the trial court's accounting involving the actual and imputed trust rents were divided in half, since Appellants and Respondent were 50 percent trust beneficiaries, but Respondent received a 100 percent credit for his labor and expenditures on behalf of the trust. Appellants claim this inconsistency resulted in an erroneous monetary award in favor of Respondent instead of in favor of Appellants.

## Standard of Review

■ On appeal, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Discussion

■ The net income for the property is gross income less the operating expenses. *Schindler v. Pepple*, 158 S.W.3d 784, 786 (Mo.App. E.D.2005). Although none of the rental income was actually paid to the Trust, the Trust property should have generated $210,000 in rent from Isgrig; $16,800 in rent from Respondent; and $16,800 in rent from Appellants on behalf of their mother, for a gross income of

$243,600. The court found that Respondent expended $187,259.81 in improvements, labor, repairs, maintenance, taxes, insurance and fuel. Therefore, the net income for the property was $56,340.19.

Here, Respondent and Appellants each had a $16,800 liability to the Trust for the rental benefits they received since Donaldson's death, leaving $22,740.19 in undisbursed income. As equal Trust beneficiaries, Respondent and Appellants were each entitled to half of the remaining income, or $11,370.09. Therefore, Respondent was entitled to $11,370.09 in Trust income and $6,000 from Appellants for the difference in the appraised values of the parcels after partition, for a total of $17,370.09.

Appellants were entitled to $11,370.09 for their one-half of the Trust's net income, statutory interest on their one-half of the net income, and their attorney's fees. Although the trial court previously calculated the interest and attorney's fees due, we remand to the trial court for a determination of these amounts in light of this Court's opinion. On remand, the trial court should calculate Appellants' statutory interest based on their percentage of the Trust's net income after the parties' liabilities to the Trust are considered, or $11,370.09, and the court should determine Appellants' attorney's fees both at trial and on appeal.

### Conclusion

The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.

CLIFFORD H. AHRENS and LAWRENCE E. MOONEY, JJ., concur.