

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| CORY RUBY and MINDI RUBY, | ) | |
| Respondents, | ) | |
| | ) | |
| v. | ) | WD82014 |
| | ) | |
| BENJAMIN TROUPE and | ) | FILED: August 13, 2019 |
| SHERLEY TROUPE, et al., | ) | |
| Appellants. | ) | |

**Appeal from the Circuit Court of Clay County
The Honorable K. Elizabeth Davis, Judge**

**Before Division Four: Karen King Mitchell, C.J., and
Alok Ahuja and Cynthia L. Martin, JJ.**

Benjamin and Sherley Troupe appeal the judgment of the Circuit Court of

Clay County quieting title to a 0.9-acre tract of land in favor of the Troupes'

neighbors, Corey and Mindi Ruby. Although the Rubys hold legal title to the

disputed property, the Troupes contended that they acquired the property by

adverse possession. The circuit court rejected the Troupes' adverse possession claim

following a bench trial. On appeal the Troupes claim that, under the evidence

presented at trial, they established all of the elements of an adverse possession

claim. Because we conclude that substantial evidence supports the circuit court's

finding that the Troupes did not exercise exclusive possession over the disputed

property, we affirm the circuit court's rejection of their adverse possession claim.

The Troupes' arguments on appeal are highly fact-specific, and a published opinion addressing the merits of their claims would have no precedential value. Pursuant to Rule 84.16(b), we have instead provided the parties an unpublished memorandum setting forth the reasons for our affirmance of the circuit court's judgment. This published opinion addresses only a threshold issue: whether this Court has jurisdiction over the Troupes' appeal.

Neither party raised an issue concerning our appellate jurisdiction. Nevertheless, "the Court has an obligation, acting *sua sponte* if necessary, to determine its authority to hear the appeals that come before it." *Glasgow Sch. Dist. v. Howard Cnty. Coroner*, 572 S.W.3d 543, 547 (Mo. App. W.D. 2019) (citation and internal quotation marks omitted).

"A prerequisite to appellate review is that there be a final judgment." *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. 1997) (quoting *Boley v.* Knowles, 905 S.W.2d 86, 88 (Mo. 1995) (citing § 512.020, RSMo)). "If the trial court's judgment is not final, the reviewing court lacks jurisdiction and the appeal must be dismissed." *Glasgow Sch. Dist.*, 572 S.W.3d at 547 (citation omitted). "A final, appealable judgment resolves all issues in a case, leaving nothing for future determination." *Archdekin v. Archdekin*, 562 S.W.3d 298, 304 (Mo. 2018) (citation and internal quotation marks omitted).

A finality issue arises in this case because the prayer for relief in the Rubys' petition asked the circuit court to "[a]ward [the Rubys] their costs, *including reasonable attorneys' fees for defense of the title to the property*." (Emphasis added.)

The circuit court's judgment did not address the Rubys' entitlement to attorney's fees.

An unresolved claim for attorney's fees *can* arrest the finality of a judgment, and defeat appellate jurisdiction.[1] Although the judgment in this case did not address the attorney's fee issue, we conclude for two independent reasons that the circuit court's judgment is final and appealable.

*First*, the Rubys did not properly plead a claim for attorney's fees against the Troupes. Although the prayer for relief of the Rubys' petition requested an award of attorney's fees,

> [a] prayer for relief, considered in isolation, is not a claim for relief. "Although it is sometimes said that the prayer is no part of the petition, it is more accurate to state that the relief prayed for *is no part of plaintiff's cause of action or claim for relief*." In other words, the prayer for relief against the [defendants] only has meaning when considered in context with the cause of action asserted by the [plaintiff] against the [defendants] in the . . . Petition.

*State ex rel. Moore v. Ligons*, 532 S.W.3d 719, 723 (Mo. App. S.D. 2017) (quoting *Wear v. Walker*, 800 S.W.2d 99, 102 (Mo. App. S.D. 1990); emphasis added by *Ligons*); *see also State ex rel. Hammerstein v. Hess*, 472 S.W.2d 362, 364 (Mo. 1971); *HFC Invs., LLC v. Valley View State Bank*, 361 S.W.3d 450, 454-55 (Mo. App. W.D. 2012) (collecting cases, and describing the limited circumstances in which courts have looked to a prayer for relief to determine the nature of a plaintiff's claims).

With respect to attorney's fees, Missouri follows the "American Rule," "which provides that each litigant should bear his or her own expenses." *Barr v. Mo. State*

---

[1] *See*, *e.g.*, *State ex rel. Kinder v. Dandurand*, 261 S.W.3d 667, 671 (Mo. App. W.D. 2008); *Jones v. Housing Auth. of Kansas City*, 118 S.W.3d 669, 675 (Mo. App. W.D. 2003); *L.R. Oth, Inc. v. Albritton*, 90 S.W.3d 242, 243 (Mo. App. S.D. 2002); *Rheem Mfg. Co. v. Progressive Wholesale Supply Co.*, 28 S.W.3d 333, 343 (Mo. App. E.D. 2000).

3

*Dep't of Soc. Servs.*, 565 S.W.3d 683, 691 (Mo. App. W.D. 2018) (citation and internal quotation marks omitted). There are recognized exceptions to the American Rule, however. "Attorney fees are recoverable in two situations: when a statute specifically authorizes recovery and when the contract provides for attorney fees." *Lucas Stucco & EIFS Design, LLC v. Landau*, 324 S.W.3d 444, 446 (Mo. 2010) (citation omitted).[2]

To be awarded attorney's fees, a party must plead a basis for an award of fees, in addition to simply including a request for attorney's fees in its prayer for relief. Thus, in *Buckner v. Burnett*, 908 S.W.2d 908 (Mo. App. W.D. 1995), we held that a plaintiff had failed to adequately plead a claim for attorney's fees under an open records statute, where the petition failed to allege a purposeful statutory violation that would support a fee award. *Id.* at 912. Although the prayer for relief in the plaintiff's petition requested attorney's fees, we held that was not enough: "[t]hat [plaintiff's] prayer for relief asked for reasonable attorney fees does not aid him." *Id.*; *see also Lucas Stucco*, 324 S.W.3d at 446 (that a plaintiff had adequately pleaded a claim for attorney's fees where it "has pleaded the necessary elements of the [statute under which attorney's fees were recoverable] and has requested that relief in the prayer"); *Scheck Indus. Corp. v. Tarlton Corp.*, 435 S.W.3d 705, 732–33 (Mo. App. E.D. 2014) (finding that "the facts pleaded and relief prayed [in

---

[2] Another exception is "that attorney's fees may, on rare occasions, be recovered when a court of equity finds it necessary to balance benefits where very unusual circumstances have been shown." *Schindler v. Pepple*, 158 S.W.3d 784, 787 (Mo. App. E.D. 2005) (citations omitted). "A quiet title action is not the type of very unusual case giving rise to an award of attorney's fees under this exception." *Id.* (citation omitted).

4

Defendant's counterclaim] sufficiently placed Plaintiff on notice that Defendant sought an award of attorney fees," where the defendant's answer specifically referenced and attached the contract and subcontract which afforded defendant a right to attorney's fees).

In this case, other than the bare statement in the prayer for relief, the Rubys' petition did not allege any basis for an award of attorney's fees. The petition does not allege facts which would support a statutory right to recover attorney's fees; nor does it allege that the parties entered into a contract containing a fee-shifting provision. On the face of the petition, no basis for an award of attorney's fees to the Rubys appears. We note that, at least as a general proposition, attorney's fees are not recoverable in a quiet title action.[3] Neither the petition, nor the parties, have pointed us to any basis for an award of attorney's fees to the Rubys on their quiet title claim against the Troupes. The Rubys' petition did not adequately plead an attorney's fee claim when it merely contained a rote request for attorney's fees in its prayer for relief, with no other supporting allegations.[4]

*Second*, even if the Rubys adequately pleaded a claim for attorney's fees, they abandoned that claim by failing to request an award of fees either at trial or in a post-trial motion, and by failing to provide the circuit court any factual basis for an

---

[3]    *See*, *e.g.*, *Schindler v. Pepple*, 158 S.W.3d 784, 787 (Mo. App. E.D. 2005); *Chapman v. Lavy*, 20 S.W.3d 610, 614–15 (Mo. App. E.D. 2000); *Gerst v. Flinn*, 615 S.W.2d 628, 631-32 (Mo. App. E.D. 1981).
[4]    The Rubys' petition named their predecessors in title as defendants, in addition to the Troupes. The petition noted that the Rubys acquired their property from their predecessors pursuant to warranty deeds, in which their predecessors promised "that they will warrant and defend the title to said premises . . . against the lawful claims and demands of all persons whomsoever." It may be that the petition adequately pleaded a basis for recovery of attorney's fees against the Ruby's predecessors in title. *See A.C. Drinkwater, Jr. Farms, Inc. v. Eliot H. Raffety Farms, Inc.*, 495 S.W.2d 450, 454-57 (Mo. App. 1973). The Rubys voluntarily dismissed their claims against their predecessors before trial, however.

award of fees either at or after trial. Because they did not present any evidence to support an award of attorney's fees, or even request a fee award, at trial or in a post-judgment motion, the Rubys abandoned any claim for attorney's fees. *See State ex rel. Kansas City v. Campbell*, 505 S.W.3d 299, 300–01 (Mo. App. W.D. 2016); *Heckadon v. CFS Enterps., Inc.*, 400 S.W.3d 372, 377 n.3 (Mo. App. W.D. 2013); *Unnerstall Contracting Co. v. City of Salem*, 962 S.W.2d 1, 5–6 (Mo. App. S.D. 1997); *Murray v. Ray*, 862 S.W.2d 931, 932 n.1 (Mo. App. S.D. 1993).

The trial court's judgment was final and appealable, despite the fact that it did not address the Rubys' entitlement to attorney's fees. We accordingly have jurisdiction to consider the merits of the Troupes' appeal. For the reasons stated in the memorandum provided to the parties, the judgment of the circuit court is affirmed.

Alok Ahuja, Judge

All concur.

6