

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| **STATE EX REL KANSAS CITY, MISSOURI SCHOOL DISTRICT,** | **WD79978** |
| **Relator,** | **OPINION FILED:** |
| v. | **DECEMBER 13, 2016** |
| **THE HONORABLE PATRICK WILLIAM CAMPBELL,** | |
| **Respondent.** | |

**Original Writ of Prohibition**

**Before Writ Division: Anthony Rex Gabbert, Presiding Judge, Victor Carl Howard, Judge, Alok Ahuja, Judge**

The Kansas City, Missouri School District (Relator) filed a petition for a writ of prohibition requesting that this Court issue a writ directing Jackson County Circuit Judge, Patrick Campbell (Respondent) to vacate the order allowing Anthony L. Moore (Plaintiff) to file a second amended petition. Relator offers two points in support of the writ. In its first point, Relator argues that Plaintiff abandoned a contract claim for liability by both failing to present any evidence on the claim and failing to request a jury instruction on the claim at trial. In Relator's second point, it contends that the trial court improperly granted Plaintiff's second motion for leave to amend because the trial court lacked jurisdiction to grant the motion. Relator argues that the trial court's

final judgment on the jury-tried claim operated as a final judgment on all claims, including the claim which plaintiff asked for leave to amend and that the trial court's final judgment cured any deficiencies stemming from the lack of a written order memorializing the court's prior oral dismissal of the count the trial court later granted Plaintiff leave to amend.

## Factual Background

Plaintiff Anthony L. Moore filed an action against Relator Kansas City, Missouri School District (KCMSD) on February 1, 2013. On June 10, 2013, Plaintiff filed his first amended petition as a matter of right before Relator answered. The first amended petition included a claim for breach of the 2011 employment contract Plaintiff entered into with Relator (Count II). The Plaintiff's petition included four different claims, all arising from and based on the same underlying facts−Plaintiff's employment and subsequent termination from his position with KCMSD. Prior to trial, Plaintiff stipulated to the dismissal of Counts III and IV. On October 19, 2015, the court granted Relator's motion for summary judgment on Count II. Despite orally granting the motion on record, no official order or judgment was signed by the court declaring the grant of summary judgment in Relator's favor on Count II.

Only Count I proceeded to a jury trial on October 26, 2015 and a verdict for Relator was entered by the jury. As to Count II, Plaintiff did not attempt to introduce any evidence, request any jury instructions, nor during the trial and before the close of all evidence request the Court to reconsider its earlier ruling as to Count II. The trial court entered judgment for the Relator on November 23, 2015. On December 23, 2015, Plaintiff filed his motion for new trial and a motion for leave to amend the petition in hopes of amending the previously disposed of Count II, but based upon a 2010 employment contract (rather than a 2011 employment contract which was the basis of the original claim). Relator filed its response on January 14, 2016. At a hearing held

2

on March 24, 2016, the trial court heard arguments on the motion from the parties. During this hearing, the trial court noted, "[w]ell, I did dispose of the contract claim, but you are asking for leave to amend to add a new contract claim." The trial court granted Plaintiff's motion for leave to amend and denied Plaintiff's motion for a new trial on April 21, 2016. More than ninety days passed between the filing of Plaintiff's motion for leave to amend and the trial court's granting of the same.

## Standard of Review

"A writ of prohibition is available: (1) to prevent a usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction, or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted." *State ex rel. Houska v. Dickhaner*, 323 S.W.3d 29, 32 (Mo. banc 2010).

The lack of a final appealable judgment precludes appeal, and may, where appropriate justify the extraordinary remedy of a writ. See *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 799 (Mo. banc 2012).

## Legal Discussion

**(i)     Abandonment of The Claim.**

Plaintiff contends that because the trial court failed to properly memorialize the motion for summary judgment granted in Relator's favor, it was not included in the November 23, 2015 final judgment, and therefore the trial court maintains jurisdiction over the contract claim. Relator counters that despite the lack of a formal order granting the motion for summary judgment, because Plaintiff failed to present any evidence on the claim and failed to request jury instruction on the claim at trial, Plaintiff abandoned Count II.

3

A claim that was not submitted to the jury at the conclusion of the evidence is considered abandoned. *Benson Optical Co., Inc. v. Floerchinger*, 810 S.W.2d 531, 536 (Mo. App. 1991). This court would deem a plaintiff to have abandoned its claim against defendant, where plaintiff failed to submit a verdict form pertaining to that defendant. *Killion v. Bank Midwest, N.A.*, 987 S.W.2d 801, 808 (Mo. App. 1998). In *Killion*, this court declined considering the plaintiff's tort claim on appeal because the plaintiff failed to submit a verdict form or ask for instructions to the jury on the claim, thereby abandoning it. This court consistently finds that theories of liability pleaded but not submitted to the jury are abandoned. *Heckadon v. CFS Enterprises, Inc.*, 400 S.W.3d 372, 377 (Mo. App. 2013).

Here, Plaintiff did not present a prima facie breach of contract claim at trial. Further, he did not request that the jury be instructed on such a claim before the case was submitted to the jury. Although the motion for summary judgment was not properly memorialized with a written, signed ordered by the granting judge, a contract claim arising from the same transaction or occurrence was effectively abandoned by the plaintiff upon the failure to preserve the issue on the record or with a jury instruction on the same. Because a breach of contract theory of liability was not presented to the jury at trial, it was abandoned.

Even if Count II was not abandoned by Plaintiff, this claim was effectively included in the final judgment in favor of Relator, even despite the trial court's failure to memorialize the claim's earlier disposition. We point to the recent decision of *State of Missouri Ex Rel. Attorney General Chris Koster v. Conoco Phillips*, No. SC95444 (June 28, 2016) for support. Here, the Court held that Rule 74.01 defines a final judgment as "a judgment adjudicating all claims and the rights and liabilities of all the parties…[a]s a result, a final judgment necessarily incorporates all prior orders or judgments that adjudicated some—but fewer than all—of the claims and rights

4

and liabilities of all the parties." No. SC95444.  The Court went on to clarify that, "[t]his is so regardless of whether such incorporation is addressed explicitly (or implicitly) in the final judgment itself." *Id*.   Plaintiff's argument that the breach of contract claim (Count II) survives the final judgment of Count I fails as it was included in the final judgment implicitly under Rule 74.01.

### (ii)     Lack of Jurisdiction

A judgment issued in excess of the trial court's jurisdiction is void.  *In re Moreau*, 161 S.W.3d 402, 405 (Mo. App. 2005).  Under Rule 75.01, after a trial court enters judgment, it retains control over the judgment for thirty days and may, after giving the parties an opportunity to be heard and for good cause…amend its judgment within that time.  Mo. R. Civ. Pro. 75.01. The timely filing of either a motion for a new trial or an "authorized after-trial motion" extends a trial court's jurisdiction for up to ninety days after the filing of the motion.  Mo. R. Civ. Pro. 81.05. The combined effect of these post-trial motion rules "is to afford the trial court the authority to modify its judgment for any reason for good cause within thirty days of its entry, and the authority between the thirty-first and ninetieth day following entry of a judgment to modify its judgment to remediate a matter raised by a party in an authorized after-trial motion." *State ex rel. Missouri Parks Ass'n v. Missouri Dep't of Nat. Res.*, 316 S.W.3d 375, 382 (Mo. App. 2010).

Here, the trial court granted Plaintiff's motion for leave to amend after its jurisdiction expired.  The trial court granted this after-trial motion 92 days after Plaintiff filed, and therefore,

5

its jurisdiction had expired. There is nothing in the rule language or case law to suggest that this ninety day window is discretionary.[1]

Even if the November 23, 2015 final judgment did not include the contract claim raised in Count II of the plaintiff's petition, the record shows that the court summarily adjudicated this claim prior to the motion for leave to amend at issue here. On March 24, 2016, during the hearing concerning the plaintiff's requested leave to amend, the court stated on the record, "[w]ell, I did dispose of the contract claim, but you are asking for leave to amend to add a new contract claim." (See Exhibit 15 (p. 19:1-19:3). While the court referred to the contract claim as "new", it defies logic to call this a new claim where it arose from the same transaction or occurrences as the claims within the original and first amended petition, and Plaintiff has not alleged lack of knowledge of the 2010 contract prior to the final judgment.

Where the claim which is the subject of plaintiff's granted motion to leave to amend was included in the final judgment on November 23, 2015, the trial court's jurisdiction over this matter terminated on March 23, 2016—the 91st day after Plaintiff filed his motion for leave to amend. Although Plaintiff's motion for new trial was timely filed, the trial court lacked jurisdiction to address the motion as it was denied by operation of law when more than ninety days passed between the filing of such motion and the trial court's granting of the motion on April 21, 2016.

We conclude, therefore, that not only was the contract claim abandoned by Plaintiff's failure to preserve the matter on the trial record, but the trial court lacked jurisdiction to grant the

---

[1] Mo. R. Civ. Pro. 81.05(a)(2) states: "If a party timely files an authorized after-trial motion, the judgment becomes final at the earlier of the following: Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled."

plaintiff's motion for leave to amend because it was issued in excess of the court's jurisdiction. Hence, we make absolute our order in prohibition. The trial court shall vacate its order of April 21, 2016 granting Plaintiff's motion for leave to amend petition for the reasons stated herein.


_____

Anthony Rex Gabbert, Judge


All concur.

7